## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **ADAPTIX, INC.** | § | |
| **v.** | § | **No. 6:12cv122** |
| **ALCATEL-LUCENT USA, INC. AND** | § | |
| **CELLCO PARTERNSHIP d/b/a** | | |
| **VERIZON WIRELESS** | § | |

## AMENDED SCHEDULING AND DICSOVERY ORDER

Based on a review of the case, the Court enters this case specific order which controls

pretrial discovery and disposition of this action pending further order of the Court.[1]

---

[1] After the Court ordered them to file an agreed proposed scheduling and discovery order, the parties filed two separate submissions: (1) a proposed scheduling order (containing only scheduling deadlines and no other substantive provisions from the Court's sample order provided to the parties on April 10, 2013); and (2) a proposed discovery order (referencing only that the parties had already negotiated a discovery order in these cases and that they have agreed to abide by the orders previously entered). The Court will not enter either submission as they do not track the Court's sample Scheduling and Discovery Order.  The Court has attempted to incorporate into this order

## I. SUMMARY OF CRITICAL DATES

| PRETRIAL EVENTS | DEADLINES |
|---|---|
| Deadline to serve disclosure of asserted claims and infringement Contentions (P.R. 3-1 and 3-2) | June 8, 2012 |
| Deadline to serve initial disclosures (including ESI and other than damages) (¶ 1) | July 18, 2012 |
| Deadline to serve invalidity contentions (P.R. 3-3 and 3-4) | August 5, 2013 |
| Deadline to add additional parties (¶ 2) | September 28, 2012 |
| Deadline to amend pleadings on issues other than inequitable conduct (¶ 2) | April 11, 2013 |
| Deadline to exchange proposed terms for construction (P.R. 4-1) | August 13, 2013 |
| Deadline to file motions to dismiss (¶ 3) | July 22, 2013 |
| Deadline to exchange privilege logs (¶ 4) | March 11, 2013 |
| Deadline to exchange preliminary claim construction and extrinsic evidence (P.R. 4-2) | August 30, 2013 |
| Deadline to file Joint Claim Construction and Prehearing Statement (P.R. 4-3) | September 17, 2013 |
| Discovery deadline—claim construction | October 9, 2013 |
| Deadline to file opening claim construction brief (P.R. 4-5(a)) | October 29, 2013 |
| Deadline to file response to claim construction brief (P.R. 4-5(b)) | November 26, 2013 |

the parties' proposed scheduling deadlines and previously agreed upon discovery limitations.

Page **2** of **19**

| | |
|---|---|
| Deadline to file motion for summary judgment of indefiniteness | November 26, 2013 |
| Deadline to file reply to claim construction brief (P.R. 4-5(c)) | December 10, 2013 |
| Deadline to file response to motion for summary judgment of indefiniteness | December 10, 2013 |
| Deadline to file reply to motion for summary judgment of indefiniteness | December 20, 2013 |
| Deadline to file claim construction chart (P.R. 4-5(d)) | December 20, 2013 |
| Claim construction technology tutorial and hearing (i.e. *Markman* hearing) (P.R. 4-6) | February 13, 2014 at 9:00 a.m.<br><br>Tyler, Texas<br><br>Judge Steger's Courtroom, 3rd floor |
| Deadline for amending pleadings to assert inequitable conduct defenses | February 27, 2014 |
| Deadline to serve damages disclosures (¶ 1) | August 2, 2012 |
| Deadline to designate expert witnesses and reports on issues for which the party bears the burden of proof (¶ 5) | April 23, 2014 |
| Deadline to disclose willfulness opinions (P.R. 3-7) | May 15, 2014 |
| Deadline to designate expert witnesses and reports on issues for which the party does not bear the burden of proof (¶ 5) | May 21, 2014 |
| Deadline to notify Court of mediator (¶ 7) | June 18, 2014 |
| Discovery deadline (¶ 6) | June 21, 2014 |

| Deadline to file letter briefs | July 8, 2014 |
|---|---|
| Deadline to complete **required** mediation (¶ 7) | August 7, 2014 |
| Deadline for dispositive motions (including *Daubert* motions) (¶ 8) | September 9, 2014 |
| Deadline for parties to exchange pretrial disclosures (¶ 9) | November 13, 2014 |
| Deadline to notify Court of daily transcript or realtime request (¶ 10) | November 13, 2014 |
| Deadline for parties to exchange objections to pretrial disclosures   (¶ 9) | December 1, 2014 |
| Deadline for parties to meet and confer on resolving objections (¶ 11) | December 8, 2014 |
| Deadline to file pretrial materials (¶ 12) | December 15, 2014 |
| Deadline for parties to exchange exhibits (¶ 13) | February 19, 2015 |
| Pretrial conference and trial setting in Tyler, Texas, Fourth Floor Courtroom (¶ 14) | February 23, 2015 at 11:00 a.m. |

## II. DETAILED INSTRUCTIONS

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure[2] and the local rules of this Court (except as modified herein), the Court, having considered the amended joint report submitted by the parties, finds that the schedule set forth above governs the disposition of this case.

Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure and the local rules of this Court must be observed.

---

[2] Unless otherwise noted, all references to "Rules" in this order refer to the Federal Rules of Civil Procedure.

**The deadlines imposed in this order are firmly in place, absent the few exceptions set forth below. A party is not excused from the requirements of this order because it has not completed its investigation of the case or because another party has not complied with the deadlines. A party is not excused from the requirements and deadlines set forth due to the status of pending motions, including dispositive motions, motions to change venue, or motions for continuance.**

1.  **Initial Disclosures:**   To the extent any such information is not required by the Local Patent Rules to be disclosed at an earlier date, Initial Disclosures must be completed by the date set in the Scheduling and Discovery Order. Initial Disclosures consist of the disclosures required by Rule 26(a)(1) and the information listed below:

    a.   the correct names of the parties to the lawsuit;

    b.   the name, address, and telephone number of any potential parties;

    c.   the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    d.   the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;

    e.   any indemnity or insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    f.   any settlement agreements relevant to the subject matter of this action;

g.  a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and ***that are relevant to the claim or defense of any party***.

***Initial disclosures do not include materials related to damages.***

Because documents relevant to any claim or defense are to be produced, requests for production are unnecessary. However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter. The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

**Damages Disclosures:** Damages Disclosures must be completed by the date set forth above, unless such information is required by the Local Patent Rules to be disclosed at an earlier date. Damages Disclosures consist of the disclosures required by Rule 26(a)(1)(A)(iii) including a complete computation of any category of damages claimed by any party to the action. The parties must also make available for inspection and copying the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered. **The damages disclosure date shall not limit the ability for parties to take discovery related to damages or otherwise limit the parties' obligation to**

produce documents responsive to damages.

**Duty to Supplement:** Each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

2. **Joinder of Additional Parties or Amendment of Pleadings:** All joinder of additional parties or amendments of pleadings (other than to plead with specificity a defense of inequitable conduct) must be filed by the date listed above. Fed. R. Civ. P. 16(b)(1). Parties must request leave to amend pursuant to P.R. 3-6(b) if the amended pleadings will affect infringement or invalidity contentions. A request for leave is also required if the amendment seeks to add a new patent. Otherwise, a request for leave is not required.

3. **Motions to Dismiss:** All motions asserting defenses under **Rule 12(b)(6)** must be filed by the date listed above.

4. **Privilege Logs:** There is no duty to disclose privileged documents or information, but the parties must exchange privilege logs by the deadline set forth in this order. No later than sixty days after exchanging privilege logs, any party may move the Court for an order compelling the production of any documents or information identified on any party's privilege log. The Parties shall not be obligated to log privileged documents or information that were communicated, sent, or created on or after June 5,

2012.

5. **Experts:**

    a.     **Designation of Expert(s) and Report(s) by Party With the Burden of Proof:** Unless otherwise stipulated or directed by order, each party must file a written designation of the name and address of each expert witness who will testify at trial on each issue for which that party bears the burden of proof. The party must also otherwise comply with Rule 26(a)(2)—including disclosure of the expert report(s). *Each party is limited to four testifying expert witnesses.*

    b.     **Designation of Expert(s) and Report(s) on Issues on Which the Party Does Not Bear the Burden of Proof:** Unless otherwise stipulated or directed by order, each party must file a written designation of the name and address of each expert witness who will testify at trial on each issue for which that party does not bear the burden of proof. The party must also otherwise comply with Rule 26(a)(2)—including disclosure of the expert report(s). *Each party is limited to four testifying expert witnesses.*

    c.     **Rebuttal Expert(s):** If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), the disclosures required under Rule 26(a)(2) must be made within **30 days** after the disclosure made by the other party. Fed. R. Civ. P. 16(b)(1).

    d.     **Challenges to Experts:** The parties are directed to file any objections to, or motions to strike or exclude expert testimony no later than the deadline for dispositive motions. *See* ¶ 8.

6. **Completion of Discovery:** All discovery—including discovery concerning expert witnesses—must be completed by the date listed above. The parties

may agree to extend this discovery deadline, provided (i) the extension **does not affect** the trial setting, dispositive motions deadline, challenges to experts deadline, or pretrial submission deadline; and (ii) **written notice** of the extension is given to the Court.

Together with the disclosures described in Paragraphs 1-3, and further subject to Paragraphs 5-6 herein, the parties agree to the following limits on discovery in this case.

### <u>Discovery Limitations</u>

A. <u>E-Discovery</u>: Consistent with the Court's Model Order Regarding E-Discovery In Patent Cases, the parties shall meet and confer regarding discovery of Electronically Stored Information and shall file a joint proposal, or competing proposals, by July 31, 2012.

B. <u>Interrogatories</u>: Plaintiff shall be allowed twenty (20) common interrogatories to serve on all Defendants and up to fifteen (15) additional individual interrogatories to serve as it chooses on individual Defendants. The Defendants shall be allowed twenty (20) collective interrogatories and fifteen (15) additional individual interrogatories per Defendant or, where applicable, per Defendant Group. A Defendant Group is defined for the purpose of this Order as any Defendants in the present action who are related corporate entities (e.g., parent and subsidiary).

C. <u>Requests for Admission</u>: The following limits will apply to requests for admission served in this case:

i. Except as indicated below, Plaintiff may serve up to twenty (20) requests for admission collectively on the Defendants, and up to twenty (20) additional individual requests for admission on each Defendant or, where applicable, each Defendant Group. The Defendants shall be allowed twenty (20) collective requests for admission and twenty (20) additional individual requests for admission per Defendant or, where applicable, per Defendant Group.

ii. The parties are allowed an unlimited number of requests for admission regarding the admissibility of documents. Prior to serving any request for admission regarding the admissibility of documents,

each party agrees to request that the opposing party stipulate to the admissibility of such documents. If the opposing party fails to stipulate to the admissibility of all such documents within two weeks of such request for stipulation, the requesting party may service on the opposing party requests for admission on all documents whose admissibility has not been stipulated.

## Depositions

A.   Fact Depositions Under Fed. R. Civ. P. 30(b)(6) and Fed. R. Civ. P. 30(a)(1): The Plaintiff may take a maximum of one hundred and twenty-five (125) hours of total fact deposition testimony. The Plaintiff may not use more than sixty-five percent (65%) of those hours to depose the employees and customers of any one Defendant or Defendant Group. The Defendants, collectively, may take a maximum of one hundred and twenty-five hundred (125) hours of total fact deposition testimony, such time to be split according to agreement by the Defendants. The parties reserve the right to seek additional deposition time from the Court, if necessary.

B.   Deposition of Experts: The parties agree that deposition of experts shall not count towards the above limitations on depositions.

i. Infringement or Non-Infringement Experts: Plaintiff may depose each non-infringement expert testifying against it for seven (7) hours. Each Defendant or, where applicable, Defendant Group may depose each infringement expert testifying against it for seven (7) hours.

ii. Validity or Invalidity Experts: In addition to the foregoing, Plaintiff may depose each invalidity expert for seven (7) hours. Each Defendant or, where applicable, Defendant Group may depose each validity expert for seven (7) hours. If the same expert testifies against Plaintiff regarding both non-infringement and invalidity, then Plaintiff may depose that expert for fourteen (14) hours. Similarly, if the same expert testifies against a Defendant or Defendant Group regarding both infringement and validity, then that Defendant or Defendant Group may depose that expert for fourteen (14) hours.

iii. Damages Experts: In addition to the foregoing, Plaintiff may depose each damages expert testifying against it for seven (7) hours. Each Defendant or, where applicable, Defendant Group may depose each damages expert testifying against it for seven (7) hours.

iv. Other Experts: The parties agree to confer in good faith on a reasonable number of hours of other expert depositions and shall submit the parties' competing proposals to the Court in the event that they are unable to reach agreement.

## Expert Discovery

A testifying expert's draft reports, notes, outlines, and any other writings leading up to his or her final report(s) in this case are exempt from discovery. In addition, all communications with and all materials generated by a testifying expert with respect to his work on this case are exempt from discovery unless relied upon by the expert in forming his or her opinions. The expert must produce his or her final report and all materials on which he or she relied.

## Privileged Information

There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the date set by the Court as the date of the Scheduling Conference. By the date provided in this Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall file a notice so stating by the date provided in this Order. Except as necessary to comply with P.R. 3-7, the parties are not required to include on their privilege logs any protected documents that came into existence on or after the date of the filing of the Complaint.

Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity

from discovery if, after the producing party becomes aware of any inadvertent or unintentional disclosure, the producing party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests return of such documents to the producing party. Upon request by the producing party, the receiving party shall immediately return all copies of such inadvertently produced document(s). Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

Counsel are directed to contact the Discovery Hotline provided by Local Rule CV-26(f) for resolution of discovery disputes that are not able to be briefed, such as disputes arising during a deposition.

7.  **Mediation:** The parties must file a **Joint Report** informing the Court of their choice of an agreed-upon mediator. In the event the parties are unable to agree upon a mediator, the parties must file a notice indicating the deadlock. The parties will be required to mediate their case pursuant to the Court-Annexed Mediation Plan. *See* Local Rule App. H.

8.  **Dispositive Motions:** All motions that would dispose of all or any part of this case (including motions for **summary judgment and** *Daubert* **motions**) must be filed by the date listed above. The parties are reminded of the page limits set forth in Local Rule CV-7(a)(1) (e.g., no more than thirty pages per motion). Additionally, if more than one summary judgment motion is filed, the parties are reminded of the limitations set forth in Local Rule CV-7(a)(3) (e.g., no more than sixty

pages total for all summary judgment motions filed). The Court will disregard any pages exceeding these limits.

Prior to filing any summary judgment motion, the Parties shall submit letter briefs seeking permission to file the motion. The opening letter brief in each of those matters shall be no longer than 5 pages and shall be filed with the Court by the deadline for letter briefs set forth above. Answering letter briefs in each of those matters shall be no longer than 5 pages and filed with the Court no later than 14 days thereafter. Reply briefs in each of those matters shall be no longer than 3 pages and filed with the Court no later than 5 days thereafter.

9.     **Pretrial Disclosures and Objections:** Unless otherwise directed by order, the parties must serve the disclosures required by Rule 26(a)(3)(A) by the pretrial disclosure deadline listed above. (The parties need not file this information with the Court until the deadline to file pretrial materials.) With respect to the identification of witnesses who will be called by deposition, the parties must also identify the portions of the deposition transcript that they intend to use.

Within **14 days thereafter,** a party must serve a list disclosing any objections, together with the grounds therefor, to: (i) the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); (ii) the admissibility of materials identified under Rule 26(a)(3)(A)(iii); and (iii) the use of any witnesses (except for expert

objections) identified under Rule 26(a)(3)(A)(i),[3] if any. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless excused by the Court for good cause.

10.    **Notice of   Request   for Daily Transcript or Real Time Reporting:** If either daily transcript or realtime reporting of the court proceedings is requested for trial, the party or parties making the request must file a notice with the Court and e-mail the court reporter, Ms. Jan Mason, at Jan_Mason@txed.uscourts.gov. In no event should this date be less than sixty days before the pretrial conference.

11.    **Meet and Confer Requirement:** The parties are expected to cooperate in the exchange of information to ensure that objections may be timely filed. The parties also must adhere to the meet and confer requirement set forth in Local Rule CV-7(h) **before filing their objections to pretrial materials**. This will help to narrow issues that are *actually* in dispute. The Court will exclude any exhibit offered at trial unless the parties timely comply with this section.

12.    **Pretrial Materials:** All pretrial materials must be filed by the date listed above. Specifically, by this date the parties must file the following:

    a.      **Pretrial Order:** A joint proposed pretrial order must be submitted by Plaintiff's attorney. *See* Local Rule App. D. If an attorney for either party does not participate in the preparation of the joint pretrial

---

[3] Requiring parties to file objections to witnesses disclosed under Rule 26(a)(3)(A) is a modification of the requirements of Rule 26(a)(3)(B), which only requires that the parties file objections to deposition designations and exhibits.

order, the opposing attorney must submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the Court can impose sanctions, if appropriate). Each party may present its version of any disputed matter in the joint pretrial order; therefore, failure to agree upon content or language is **not an excuse for submitting separate pretrial orders**. When the joint pretrial order is approved by the Court, it will control all subsequent proceedings in this case.

b.    <u>**Witness List:**</u> A list of witnesses, in alphabetical order, must be filed by each party (a sample form is available on the Court's website, www.txed.uscourts.gov). The list must divide the persons listed into groups of **"will call," "may call," and "may, but probably not call"** and must provide:

      **(i)**     the **names and addresses** of each witness;

      **(ii)**    a **brief narrative summary** of the testimony;

      **(iii)**   whether the witness has been **deposed**; and

      **(iv)**   the **expected duration** of direct and cross-examination of the witness.

c.    <u>**Exhibit List and Deposition Testimony Designation:**</u> A list of exhibits (including demonstrative exhibits) and a designation of portions of depositions that a party in good faith intends to offer at trial must be filed by each party. Regarding the exhibits, the parties must adhere to the following requirements:

      **(i)**     Describe with specificity the documents or things in numbered sequence.

      **(ii)**    Exhibits must be numbered numerically and in succession, and must be marked with the case number. They must be marked <u>**before**</u>

**trial** with official exhibit stickers. If there are multiple parties, exhibit numbers must be followed by the party's last name, i.e., "PX1-Jones" or "DX1-Miller."

WHENEVER A MULTI-PAGE-EXHIBIT IS USED, EACH PAGE OF AN EXHIBIT MUST BE SEPARATELY NUMBERED. FOR EXAMPLE, IF PLAINTIFF'S EXHIBIT 1 IS A THREE-PAGE DOCUMENT, THE FIRST PAGE SHOULD BE MARKED AS "PX1-1," THE SECOND PAGE MARKED AS "PX1-2," AND THE THIRD PAGE MARKED AS "PX1-3."

(iii)   Each party must also file written objections to the opposing party's exhibits and deposition designations or a notice of no objections. Objections must be filed with the proposed pretrial order and should identify the contested exhibit by number and **explain in detail** the legal basis for the objection. The parties should organize their objections into discrete categories. Responses to objections are due within two business days of the filing of the objections.

d.   **Jury Instructions in Jury and Non-Jury Trials:**
Proposed jury instructions and verdict forms must be filed jointly. If the parties disagree on the proposed instruction, Plaintiffs should italicize their proposed language, and Defendants should underline their proposed language. The basis for and legal authority supporting each party's proposed language should be set forth in footnotes. The Court may seat an advisory jury in a non-jury case. Thus, the parties are required to file proposed jury instructions even if the parties have not demanded a jury.

e.   **Proposed Findings of Fact and Conclusions of Law:** In a case involving factual issues to be

resolved by the Court, proposed findings of fact and conclusions of law must be filed by each party. Counsel should draft proposed findings in neutral language, avoiding argument, and identifying the evidence expected to establish each finding. Counsel should set forth the proposed findings of fact and conclusions of law in separate sections composed of concise and separately numbered paragraphs. The Court may seat an advisory jury in a non-jury case. Thus, the parties must also file proposed jury instructions even if the parties have not demanded a jury trial.

f.   **Limited Number of Motions in Limine:** Motions in limine should not be filed as a matter of course. Parties may file motions in limine on no more than **TEN discrete topics** (no subparts) that are actually in dispute. (Good faith compliance with the conference requirements of Local Rule CV-7(h) will help to narrow issues that are *actually* in dispute). The Court will strike all motions in limine that contain boilerplate requests, that exceed ten topics, or that cover undisputed issues. The moving party must promptly notify the Court in the event the parties resolve any of the motions in limine. Responses to motions in limine are due within two business days of the filing of the motion.

g.   **Voir Dire:** The parties must file any proposed voir dire questions which the Court is requested to ask during its examination of the jury panel.

h.   **Trial Briefs:** Trial briefs may be filed by each party. In the absence of a specific order of the Court, trial briefs are not required, but are welcomed. The briefing should utilize Fifth Circuit, Federal Circuit, and Supreme Court authority or relevant state authority to address the issues the parties anticipate will arise at trial.

13.   **Exchange of Exhibits:** No later than **three business days before the pretrial conference,** counsel for each party intending to offer exhibits

Page 17 of 19

must **exchange a complete set** of marked exhibits (including demonstrative exhibits) with opposing counsel.

14.     <u>**Pretrial Conference:**</u> A pretrial conference in the case is set on the date and at the location indicated above. Lead counsel for each party must attend, or, if the party is proceeding pro se, the party must attend. Fed. R. Civ. P. 16 (c),(d). Lead counsel and pro se parties must have the authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expense of trial. *Id.* All pretrial motions not previously decided will be addressed at that time, and procedures for trial will be discussed. <u>**At the final pretrial conference, the parties will be assigned a specific trial date beginning within four weeks of the final pretrial conference.**</u> Parties should be prepared to conduct jury selection at any time after the final pretrial conference.

At the final pretrial conference, the parties must submit to the Court one copy of marked exhibits in tabbed, three-ring binders.

15.     <u>**Modification of Scheduling and Discovery Order:**</u> As addressed above, this order will control the disposition of this case unless it is modified by the Court upon a showing of **good cause** and by **leave of court.** Fed. R. Civ. P. 16(b). Any request that the trial date of this case be modified must be made **in writing** to the Court **before** the deadline for completion of discovery. Neither pending motions nor the failure to complete discovery establish good cause for a continuance.

16.   **Sanctions:** Should any party or counsel fail to cooperate in doing anything required by this order, such party or counsel or both may be subject to sanctions. If the *Plaintiff* does not timely file the required pretrial material, the case will be dismissed. If the *Defendant/third party* does not timely file the required (or other) pretrial material, a default will be entered or the Defendant/third party will not be permitted to present witnesses or exhibits at trial. Fines or other sanctions, if appropriate, may also be imposed under Rule 16(f). **Failure to list a witness, exhibit, or deposition excerpt as required by this order** will be grounds for exclusion of that evidence. This does not apply to testimony, exhibits, or deposition excerpts offered for impeachment; further, the use of unlisted witnesses, exhibits, or deposition excerpts for rebuttal will be permitted if the attorneys could not have reasonably anticipated their need for that evidence.

It is SO ORDERED.

SIGNED this 9th day of October, 2013.

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE