**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| ADAPTIX, INC. | § § § § | |
| Plaintiff, | | |
| v. | § § § | CIVIL ACTION NO. 6:12-cv-0022 |
| ALCATEL-LUCENT USA, INC. and AT&T MOBILITY LLC, | § § § § | |
| Defendants. | § § § | |

| | | |
|---|---|---|
| ADAPTIX, INC. | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 6:12-cv-0122 |
| ALCATEL-LUCENT USA, INC. and CELLCO PARTNERSHIP, d/b/a/ VERIZON WIRELESS, | § § § § § | |
| Defendants. | § § | |

| | | |
|---|---|---|
| ADAPTIX, INC. | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 6:12-cv-0123 |
| ALCATEL-LUCENT USA, INC. and SPRINT SPECTRUM, L.P., | § § § § | |
| Defendants. | § § | |

| | | |
|---|---|---|
| ADAPTIX, INC. | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. 6:13-cv-0049 |

06064593

| | |
|---|---|
| AT&T MOBILITY LLC, ERICSSON INC., MetroPCS COMMUNICATIONS, INC., and TELEFONAKTIEBOLAGET LM ERICSSON,<br><br>      Defendants. § § § § § § § | |
| ADAPTIX, INC.<br><br>      Plaintiff,<br>v.<br><br>AT&T MOBILITY LLC, ERICSSON INC., MetroPCS COMMUNICATIONS, INC., and TELEFONAKTIEBOLAGET LM ERICSSON,<br>      Defendants. § § § § § § § § § § § § § | **CIVIL ACTION NO. 6:13-cv-0050** |
| ADAPTIX, INC.<br><br>      Plaintiff,<br>v.<br><br>T-MOBILE USA, INC.,<br><br>      Defendant. § § § § § § § § § § § § § § § | **CIVIL ACTION NO. 6:12-cv-0369** |

**PLAINTIFF ADAPTIX'S SURREPLY IN OPPOSITION TO DEFENDANTS' OBJECTIONS TO MAGISTRATE CRAVEN'S CLAIM CONSTRUCTION ORDER AND MOTION FOR RECONSIDERATION OF THE SAME**

## I. THE '808 PATENT TERMS

### A. "OFDMA traffic channel allocator"

Magistrate Judge Craven's Markman Order expressly rejected Defendants' attempt to import the proposed limitation from a preferred embodiment. Markman Order at 80. Instead, the Court having rejected Defendants' limitation that the allocator "must allocate based on 2-D spatial signatures of multiple subscribers" and having found Defendants' extrinsic evidence in the ITC Staff Brief "not persuasive,"[1] Defendants now seek a "clarification" that similarly seeks to add language not specified in Claim 31. Markman Order at 80. As there was no error in the Court's refusing to read such additional language into Claim 31, Defendants' objections should be overruled.

Defendants also fail to address that their arguments contravene the doctrine of claim differentiation. Opp. at 4. Defendants do not deny that, whereas Claim 31 does not recite anywhere the concept of "subscriber using 2-D spatial signatures," dependant Claim 34 does recite this concept in adding the limitation that "the new accessing subscriber spatial register and the on-going traffic spaital signature register store 2-D spatial signatures." Thus, Defendants do not deny that it would be legally erroneous to read the "2-D spatial signature" language into Claim 31. *See*, *e.g.*, *D.M.I., Inc. v. Deere & Co.*, 755 F.2d 1570, 1575 (Fed. Cir. 1985).

Defendants are also incorrect in their allegations of "Markman concessions." As Adaptix's has made clear, and as recognized in Magistrate Judge Craven's Markman Order, "Adaptix's proposed construction for this term was 'logic configured to allocate OFDMA traffic channels,' the construction adopted by the Court." Opp. at 4, footnote 7; Markman Order at 79.

---

[1] "As to extrinsic evidence, the ITC Staff Brief found that "the proper construction, in the Staff's view, is: 'Logic configured to assign OFDMA traffic channels while considering more than one 2-D spatial signature." Dkt. No. 118, Ex. A at 28.

### B. "New Accessing Subscriber spatial signature" and "On-going traffic spatial signature"

Defendants do not dispute that they attempt to read three additional limitations into these claims and fail to explain why the Court erred in denying their proposed constructions in the first instance. Instead, Defendants' Reply focuses on prosecution history, which, despite Defendants' assertions to the contrary, was addressed both by the Markman Order and Adaptix's Opposition in analysis of the spatial signature terms. In particular, Magistrate Judge Craven wrote that:

> On balance, the prosecution history is not definitive regarding the construction of "spatial signature" because the patentee explained that OFDMA channels is already specified by other claim language where applicable. Defendants' reliance on the prosecution history for a narrower construction of "spatial signature" as to Claim 31 is hereby expressly rejected.

Markman Order at 56-57.

Moreover, as the Court found these terms "ha[d] been substantially addressed though analysis of the 'spatial signature' term" and that "[n]o further construction [wa]s required," (Markman Order at 70) it was not legal error for the Court to find that:

> No construction necessary apart from the separate constructions of "spatial signature," "new subscriber," and "new accessing subscriber."

*Id*. at 70.

### C. Spatial Signature Terms

Defendants do not deny that the Court's claim construction analysis referred in detail to the specification, or that the Court's construction of these terms is consistent with that specification. As such, the Court did not commit legal error in its constructions. *See, e.g., Phillips,* 415 F.3d 1303, 1315 (Fed. Cir. 2005). Moreover, as addressed above, the Court directly dealt with Defendants' prosecution arguments, finding the prosecution history "not definitive"—consistently with Federal Circuit law requiring a "both clear and unambiguous"

4

disavowal.  *See*, *e.g.*, *Sorenson v. U.S. Intern. Trade Com'n*, 427 F.3d 1375, 1378-79 (Fed. Cir. 2005).  For these reasons, Defendants' objections on these terms should be overruled.

### D. 2-D Spatial Signatures, Broadband Spatial Signatures, Broadband Spatial Signature Vectors

Defendants incorporate their arguments regarding "spatial signature" as objections to the construction of these terms.  For the same reasons the Court did not err in construing "spatial signature," so the Court did not err in construing these terms.  Defendants' objections should thus be overruled.

### E. Register Terms

Defendants are incorrect that Magistrate Judge Craven did not "resolv[e] the parties' dispute" over whether a single structure could be organized or subdivided so as to constitute both a "new subscriber spatial signature register" and an "on-going traffic spatial signature register."  Defs' Reply at 4.  In fact, Magisrate Judge Craven's Order clearly outlined the parties' positions on this issue, analyzed the intrinstic and extrinsic evidence, and rejected Defendants' proposed constructions, stating that:

> Defendants have failed to demonstrate that a register can store only one type of data at a time, i.e., *either* "new" subscriber spatial signatures *or* "on-going traffic" spatial signatures.  Instead, as Plaintiff has argued, a single structure could be organized or subdivided so as to constitute both a "new subscriber spatial signature register" and an "on-going traffic spatial signature register.

Markman Order at 72-74.

Thus, Magistrate Judge Craven has resolved this dispute and the resulting constructions, which Defendants admit recognize Federal Circuit precedent (Defs' Br. at 10), are not legally erroneous.  Defendants' objections should thus be overruled.

## II. THE '315 PATENT – JOINT CHANNEL ALLOCATION TERMS

As already stated, Defendants' arguments regarding the Joint Channel Allocation terms contravene the doctrine of claim differentiation.  The Court's determination, based on a detailed

5

examination of the specification, that "the disputed terms do *not* require using both uplink and downlink information," was not legal error.  Markman Order at 27.  Defendants' objections should thus be overruled.

### III.     THE '172 PATENT – DIVERSITY AND COHERENCE CLUSTER

Magistrate Judge Craven rejected Defendants' claim constructions for "diversity cluster" and "coherence cluster" as contrary to the teachings of the specification and as potentially excluding a preferred embodiment.  Markman Order at 17.  Defendants nevertheless continue to press the Court for a "clarification" that would read the same concept of "mapping" into these claims that the Court rejected because it would, *inter alia*, exclude a preferred embodiment.  Markman Order at 17.  Magistrate Judge Craven committed no legal error in thus rejecting Defendants' proposed constructions, including the "mapping" limitation, and Defendants' objections should thus be overruled.

### IV.     THE '283 PATENT – ADDITIONAL CLUSTERS

Defendants fail to rebut that they "raise[] a factual dispute regarding infringement rather than a legal dispute regarding claim construction or why an anology not relied upon by the Court in its Markman Order is a "material dispute" that the Court "must resolve."  For these reasons, and others previously stated, the Court should overrule Defendants' objections.

### V.     THE '851 PATENT – SET OF AVAILABLE SUBCHANNELS FOR EACH AVAILABLE ANTENNA

Defendants still erroneously assert that Adaptix has rejected the plain meaning that Adaptix advocated during Claim Construction.  Defendants nevertheless fail to show how the Court's having correctly regarded Defendant's efforts to import additional limitations into the claims as unnecessary and confusing, was legal error.  Markman Order at 99.  It was not, and Defendants' objections should thus be overruled.

## VI.  Conclusion

Wherefore, Defendants' objections to the Markman Order should be overruled.


Dated: April 23, 2014

                              **ADAPTIX, INC.**
By: */s/ Paul J. Hayes*
Paul J. Hayes
Steven E. Lipman
**HAYES, MESSINA, GILMAN & HAYES LLC**
200 State St., 6th Floor
Boston, MA  02109
Tel: (617) 439-6900
Fax: (617) 443-1999
Email:  phayes@hayesmessina.com
Email:  slipman@ hayesmessina.com

Craig Tadlock
Texas State Bar No. 00791766
TADLOCK LAW FIRM PLLC
2701 Dallas Parkway, Suite 360
Plano, Texas 75093
Phone:  (903) 730-6789
Email:  craig@tadlocklawfirm.com
**ATTORNEYS FOR PLAINTIFF
ADAPTIX, INC**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with the Local Rule CV-5 on April 23, 2014.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

      /s/     *Michael Ercolini*
      Michael Ercolini