**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **ADAPTIX, INC.,**<br>　　　　Plaintiff, | §<br>§<br>§<br>§ | |
| **v.** | § | No. 6:12CV22 |
| | § | |
| **ALCATEL-LUCENT USA, INC.** and<br>**AT&T MOBILITY LLC,**<br>　　　　Defendants. | §<br>§<br>§<br>§ | |
| **ADAPTIX, INC.,**<br>　　　　Plaintiff, | §<br>§<br>§<br>§ | |
| **v.** | § | No. 6:12CV122 |
| | § | |
| **ALCATEL-LUCENT USA, INC.** and<br>**CELLCO PARTNERSHIP d/b/a**<br>**VERIZON WIRELESS,**<br>　　　　Defendants. | §<br>§<br>§<br>§ | |
| **ADAPTIX, INC.,**<br>　　　　Plaintiff, | §<br>§<br>§<br>§ | |
| **v.** | § | No. 6:12CV123 |
| | § | |
| **ALCATEL-LUCENT USA, INC.** and<br>**SPRINT SPECTRUM, L.P.,**<br>　　　　Defendants. | §<br>§<br>§ | |
| **ADAPTIX, INC.,**<br>　　　　Plaintiff, | §<br>§<br>§ | |
| **v.** | § | No. 6:13CV49 |
| | § | |
| **AT&T MOBILITY LLC,**<br>**ERICSSON INC., METROPCS**<br>**COMMUNCIATIONS, INC., and**<br>**TELEFONAKTIEBOLAGET LM**<br>**ERICSSON,**<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§ | |

|  |  |  |
|---|---|---|
| **ADAPTIX, INC.,**<br>　　　　*Plaintiff*,<br><br>v.<br><br>**AT&T MOBILITY LLC, ERICSSON INC., METROPCS COMMUNCIATIONS, INC., and TELEFONAKTIEBOLAGET LM ERICSSON,**<br>　　　　*Defendants*. | § § § § § § § § § § § § § § § § § | No. 6:13CV50 |
| **ADAPTIX, INC.,**<br>　　　　*Plaintiff*,<br><br>v.<br><br>**T-MOBILE USA, INC.,**<br>　　　　*Defendants*. | § § § § § § § § | No. 6:12CV369 |

### ORDER ON OBJECTIONS AND MOTION FOR RECONSIDERATION

Before the Court are the following: Defendants' Objections to Magistrate Judge Craven's Claim Construction Order and Motion for Reconsideration of the Same (Doc. No. 145). The Court, having reviewed the relevant briefing, issues the following order.

Plaintiff filed the above cases, alleging infringement of United States Patents No. 6,870,808 (the '808 Patent), 6,904,283 (the '283 Patent), 7,072,315 ( the '315 Patent), 7,146,172 (the '172 Patent), and 7,573,851 (the '851 Patent) (collectively, the patents in suit). On February 26, 2014, the magistrate judge issued a Memorandum Opinion and Order on claim construction (Doc. No. 141). Defendants object to, and request reconsideration of, certain parts of the magistrate judge's order.

Twenty-eight U.S.C. § 636(b)(1)(A) and Local Rule 72(b) state that the District Court shall set aside any portion of the magistrate judge's order that is "clearly erroneous or contrary to

law." The Court has reviewed Defendants' objections and Plaintiff's response to the objections. The Court finds the magistrate judge correctly construed the terms. Defendants have failed to clearly establish a manifest error of law or fact in the magistrate judge's construction of these terms.[1] Only one issue raised by Defendants warrants discussion here.

Defendants request clarification regarding the Court's constructions of "diversity cluster" and "coherence cluster." The Court construed "diversity cluster" to mean "logical unit of multiple physical subcarriers that are relatively far apart, as compared to the subcarriers of a coherence cluster" (Doc. No. 141 at 9–18). Likewise, the Court construed "coherence cluster" to mean "logical unit of multiple physical subcarriers that are relatively close together, as compared to the subcarriers of a diversity cluster" (Doc. No. 141 at 9–18). Defendants request clarification that subcarriers in a diversity cluster are chosen *because* they are relatively far apart. Similarly, Defendants request clarification that subcarriers in a coherence cluster are chosen *because* they are relatively close together.

---

[1] Defendants assert that the district court must review *de novo* the magistrate judge's claim construction order. But the Court's local rules establish a clearly erroneous standard when reviewing a magistrate's judge order on non-dispositive matters. Local Rule CV-72(b).

Claim construction is a non-dispositive, pretrial issue that can be referred to a magistrate judge under 28 U.S.C. § 636(b)(1)(A). *SciCo Tec GmbH v. Boston Scientific Corp.*, 599 F. Supp. 2d 741, 742 (E.D. Tex. 2009). In some circumstances, out of an abundance of caution, the magistrate judge may choose to issue a report and recommendation (under 28 U.S.C. § 636(b)(1)(B)) rather than an order on claim construction (under 28 U.S.C. § 636(b)(1)(A)). *See, e.g.*, *Innova Patent Licensing, LLC v. Alcatel-Lucent Holdings*, No. 2:10cv251, 2012 WL 2958231, at *1 (E.D. Tex. July 19, 2012). The district judge reviews a report and recommendation under the more demanding de novo standard. Local Rule CV-72(c); *Innova Patent Licensing*, 2012 WL 2958231, at *1.

But in this case, the magistrate judge issued an order on the non-dispositive issue of claim construction, not a report and recommendation. Accordingly, the clearly erroneous standard applies. Yet, the Court acknowledges that its order will be held to the *de novo* standard by the appellate court. Thus, the Court determines that even under the more burdensome *de novo* standard of review, the Court would still agree with and uphold the constructions of the magistrate judge.

Defendants argue that the base station must be able "to distinguish between the two types of clusters. If clusters were, for example, formed by random mappings of subcarriers, various clusters may meet the Court's definitions even though the base station cannot distinguish between them and did not define any cluster *because of* the particular arrangement of its subcarriers" (Doc. No. 145 at 13) (citing '172 Patent at 16:10-63 (disclosing "intelligent selection between diversity clusters and coherence clusters")).

On balance, although Claim 1 requires at least one diversity cluster and at least one coherence cluster, Defendants have failed to justify importing a requirement that a base station must distinguish between these two types of clusters. Indeed, Claim 1 does not recite a base station. Instead, the method of Claim 1 demands only that at least one of each type of cluster is allocated. The state of mind of the base station, so to speak, is not a claim limitation.

Nonetheless, Defendants are correct that the "at least one diversity cluster" and the "at least one coherence cluster" must exist at the time of allocation, as opposed to being constructed or defined in hindsight. Because this is self-evident from the claim language, however, the Court need not modify or clarify the constructions of the disputed terms.

The remaining arguments presented by Defendants in their objections and motion for clarification have already been adequately addressed by the Memorandum Opinion and Order of the magistrate judge (Doc. No. 141).

Accordingly, it is **ORDERED** that Defendants' Objections to Magistrate Judge Craven's Claim Construction Order and Motion for Reconsideration of the Same (Doc. No. 145) is **DENIED**.

**It is SO ORDERED.**

**SIGNED this 1st day of May, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE