# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| ADAPTIX, INC., | |
| Plaintiff, | |
| v. | Civil Action 6:12-cv-00022 (MHS-CMC) |
| ALCATEL-LUCENT USA, INC. and AT&T MOBILITY LLC, | JURY TRIAL DEMANDED |
| Defendants. | |
| ADAPTIX, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 6:12-cv-00122 (MHS-CMC) |
| ALCATEL-LUCENT USA, INC. and CELLCO PARTNERSHIP *d/b/a* VERIZON WIRELESS, | JURY TRIAL DEMANDED |
| Defendants. | |
| ADAPTIX, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 6:12-cv-00123 (MHS-CMC) |
| ALCATEL-LUCENT USA, INC. and SPRINT SPECTRUM L.P., | JURY TRIAL DEMANDED |
| Defendants. | |

## ADAPTIX, INC.'S MOTION TO MODIFY THE COURT'S SCHEDULING AND DISCOVERY ORDER

!Unexpected End of Formula

## TABLE OF CONTENTS

1. BACKGROUND ........................................................................................................... 1

2. ARGUMENT.............................................................................................................. 3

3. CONCLUSION............................................................................................................. 4

# TABLE OF AUTHORITIES

**Cases**

*Reliance Ins. Co. v. The Louisiana Land & Exploration Co.*,
  110 F.ed 253 (5th Cir. 1997)................................................................................................ 3

*S&W Enters., LLC v. SouthTrust Bank of Ala.*,
  315 F.3d 533 (5th Cir. 2003) ............................................................................................... 3

*STMicroelectronics, Inc. v. Motorola, Inc.*,
  307 F. Supp. 2d 845 (E.D. Tex. 2004).................................................................................. 3

**Rules**

FED. R. CIV. P. 16(b)(4) ........................................................................................................ 3

Plaintiff, Adaptix, Inc. ("Adaptix"), hereby moves the Court for a limited modification of the Court's May 21, 2013 Scheduling and Discovery Order; June 19, 2013 Amended Scheduling and Discovery Order; and March 28, 2014 Second Amended Scheduling and Discovery Order (see, e.g., Dkt. No. 90, Dkt. No. 154, 6:12-cv-22) to:  (1) extend the deadline to designate expert witnesses and reports on issues for which the party bears the burden of proof to July 23, 2014; (2) extend the deadline to designate expert witnesses and reports on issues for which the party does not bear the burden of proof to August 23, 2014; (3) while maintaining all other deadlines. This is Adaptix's second request to modify the Scheduling and Discovery Order in this case.

Relief is appropriate here because: (a) good cause exists for modifying the Scheduling and Discovery Order, and (b) the requested modification would not delay the date set for trial. The modified schedule is necessary to give Adaptix's experts the time they need to prepare their reports.  For the reasons set forth herein, Adaptix respectfully requests that this Motion be granted.

## 1.  <u>BACKGROUND</u>

The Court's Second Amended Scheduling and Discovery Order set the expert report deadline as June 23, 2014 for all of the above captioned cases.  Despite Adaptix's diligent attempts to take the discovery that is necessary to prepare its expert reports, significant fact discovery remains to be completed before the expert discovery deadline, due, in part, to difficulties in obtaining relevant source code and document production from ALU.  The totality of the deficiencies in ALU's source code production has been detailed in Adaptix's Motion to Compel Source Code, however, for convenience of the Court, Adaptix summarizes those deficiencies below.  *See e.g.,* Dkt. Nos. 157and 169, 6:12-cv-22.

### A.  ALU's Deficient Source Code Production

Since at least February 3, 2014, Adaptix has diligently attempted to inspect ALU's source code to determine the functionality of the *nine* relevant accused products.  These inspections have been met with considerable obstacles due to ALU's refusal to comply with P.R. 3-4(a).

Adaptix scheduled its first review of ALU's code to occur over the course of a week. *See* Jones Declaration ¶16.  Upon arrival, Adaptix's code reviewers immediately noticed that the requested tools were not installed, and that substantial portions of the code were omitted.  *Id.* at ¶17.  Counsel for ALU was put on notice of these deficiencies at the inspection.  *Id.*  Despite these deficiencies, Adaptix's code reviewers still attempted to remedy the situation and continue their inspection.  *Id.* at ¶18-20.  Considering only a small minority of code was made available, that inspection was ended a day early.  *Id.* at ¶ 21.

After identifying deficiencies to Defendant's counsel, Adaptix scheduled a second review just a few weeks later upon the mistaken belief that the previously identified deficiencies would be remedied.  *Id.* at ¶22.  Upon arrival, Adaptix's code reviewers noticed that relevant software review tools were still not installed, an external monitor was not provided, and, while some new code was made available, much of the code was still compressing, precluding Adaptix's reviewers from reading the relevant code.  *Id.* at ¶26.  Even after the files were decompressed, the source code subdirectories were empty, preventing Adaptix's code reviewers from understanding how the *nine* accused products actually function and operate.  *Id.*

Assuming ALU complies with its obligations to produce source code and full cooperation among the parties, it would still take a full four weeks, at a minimum, to conduct a sufficient code review, leaving an additional four weeks to write the relevant report.  *Id* at ¶¶29 and 30. Therefore, even if ALU made all relevant code available immediately, it would be impossible to meet all relevant expert report deadlines in this case.

2.  **ARGUMENT**

Federal Rule of Civil Procedure 16(b) provides that a scheduling order may be modified

upon a showing of good cause and by leave of court.  *See* FED. R. CIV. P. 16(b)(4); *S&W Enters.,*

*LLC v. SouthTrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003).  The good cause standard

requires the party seeking relief to show that the deadlines cannot reasonably be met despite the

diligence of the party needing the extension.  *S&W Enters.*, 315 F.3d at 535; *STMicroelectronics,*

*Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845, 850 (E.D. Tex. 2004).  Trial courts have broad

discretion to allow scheduling order modifications and should consider four elements when

deciding whether to allow a modification:  (1) the explanation for the failure to meet the

deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in

allowing the thing that would be excluded; and (4) the availability of a continuance to cure such

prejudice.  *Reliance Ins. Co. v. The Louisiana Land & Exploration Co.,* 110 F.ed 253, 257 (5th

Cir. 1997).

Here, the expert report deadline cannot fully be met despite Adaptix's diligence for

several reasons.  First, Adaptix has been diligent in seeking relevant source code.  The

availability for inspection of ALU's source code is of particular importance to the completion of

discovery, but more specifically to the ability of Adaptix's expert to adequately prepare their

expert reports.  As noted in this brief, and in the motion to compel currently pending before this

Court, the need for this motion is a direct result of ALU's failure to comply with its discovery

obligations.

Adaptix's experts have yet to be given the relevant ALU source code, significantly

inhibiting their ability to prepare their expert reports.[1]  With less than a month and a half

---

[1] Importantly, Adaptix is not moving in the related base station cases because Ericsson has complied with its obligations to produce relevant source code and extending the deadlines in those cases has not been necessary.

remaining before the expert report deadline, there is simply not enough time for Adaptix's experts, no matter how diligent, to adequately prepare their reports by the current deadline. These are circumstances that could not have reasonably been foreseen at the time the Court's Scheduling and Discovery Order was first issued and are now substantially impairing Adaptix's ability to adequately prepare its expert reports in time for the June 23, 2014 deadline.

Modifying the Scheduling and Discovery Order to allow for additional time to prepare expert reports is particularly important here because of the central role that highly technical, expert analysis will play in this case.  That is, the subject matter of this litigation involves complex wireless communication technologies and solutions that can only be fully understood with the detailed, careful analysis of the parties' experts and their reports.  Thus, allowing additional time for those experts to fully analyze the facts, evidence and to prepare their reports will help crystalize the issues for trial.  Moreover, the modifications to the Court's Scheduling and Discovery Order requested by Adaptix accommodate corresponding extensions for Defendants' expert report deadline without delaying the start of trial.  This means that there is no potential prejudice in allowing the requested modifications because no deadline has yet been missed, no new theories or issues will need to be addressed, and no impact on the ultimate date for trial will result.  Rather, the parties and their experts will simply have the necessary additional time to prepare their expert reports.

## 3.  <u>CONCLUSION</u>

For the foregoing reasons, Adaptix respectfully requests that the Court grant Adaptix's Motion to Modify the Court's Scheduling and Discovery Order.

Dated: May 14, 2014

/s/    *Paul J. Hayes*  /

Paul J. Hayes
Steven E. Lipman
Kevin Gannon
**HAYES MESSINA GILMAN & HAYES LLC**
200 State Street, 6th Floor
Boston, MA 02109
Tel:  (617) 439-4200
Fax:  (617) 443-1999
Email:  phayes@hayesmessina.com
Email:  slipman@hayesmessina.com
Email:  kgannon@hayesmessina.com


Craig Tadlock
Texas State Bar No. 00791766
Keith Smiley
Texas State Bar No. 24067869
**TADLOCK LAW FIRM PLLC**
2701 Dallas Parkway, Suite 360
Plano, TX 75093
Tel: (903) 730-6789
Email: craig@tadlocklawfirm.com
Email: keith@tadlocklawfirm.com

**ATTORNEYS FOR PLAINTIFF**
**ADAPTIX, INC.**

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that counsel for Adaptix has complied with the meet and confer requirement in Local Rule CV-7(h) and that the accompanying motion is opposed.  I further certify that counsel for Adaptix and counsel for ALU have partipated in numerous telephone calls and email exchanges regarding this issue over the past two weeks, in attempts to resolve the issues presented and reach a compromise solution.  Those discussions have resulted in an impasse, leaving an open issue for the Court to resolve.


/s/      *Paul J. Hayes*
             Paul J. Hayes

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with the Local Rule CV-5 on May 14, 2014.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

/s/      *Paul J. Hayes*
        Paul J. Hayes