# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| ADAPTIX, INC., | |
| Plaintiff, | |
| v. | |
| ALCATEL-LUCENT USA, INC. and AT&T MOBILITY LLC, | Civil Action 6:12-cv-00022 (MHS-CMC) |
| Defendants. | JURY TRIAL DEMANDED |
| | |
| ADAPTIX, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 6:12-cv-00122 (MHS-CMC) |
| ALCATEL-LUCENT USA, INC. and CELLCO PARTNERSHIP *d/b/a* VERIZON WIRELESS, | |
| Defendants. | JURY TRIAL DEMANDED |
| | |
| ADAPTIX, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 6:12-cv-00123 (MHS-CMC) |
| ALCATEL-LUCENT USA, INC. and SPRINT SPECTRUM L.P., | |
| Defendants. | JURY TRIAL DEMANDED |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION

06067628

Plaintiff, Adaptix, Inc. ("Adaptix") moves this Court for a limited modification of the current schedule due to Alcatel-Lucent USA, Inc.'s ("ALU") inadequate production of necessary source code. The present dispute is a result of ALU's continued assertion that it is Adaptix's responsibility to identify, with particularity, source code it needs in order to prove infringement. *See* Defendants' Opposition to Plaintiff's Motion for Extension ("Def. Opp.") at P. 2, 4, 6. This is contrary to ALU's obligations under P.R. 3-4(a). This impasse continues to prejudice Adaptix whose expert report is due in just one month. To date, Adaptix's experts are yet to view code sufficient to understand for themselves how the accused instrumentality operates. *See e.g. Edward D. Ioli Trust v. Aviglion Corp.,* 2012 WL5830711, at *4 (E.D. Tex., November 16, 2012) (recognizing it is the accused infringer's obligation to produce source code needed for Plaintiff to understand for themselves how the technology operates). Accordingly, Adaptix, Inc.'s Motion to Modify the Court's Scheduling and Discovery Order should be granted.

## I.    Background

Since the filing of Plaintiff's Motion to Compel Source Code, Adaptix, in good faith, attempted to view the relevant code and withdraw the motion to avoid any court intervention. *See* Ex. A to Declaration of Steven Lipman ("Lipman Dec."). This was met with a response from ALU that they would agree to provide additional code if the Motion to Compel was withdrawn. *See* Ex. B to Lipman Dec. Adaptix responded that an extension of the expert report deadlines was necessary. *See* Ex. C to Lipman Dec. This is particularly true given that a substantive review of the source code and the ability to write the relevant report takes, at a minimum, 2 months. *See* Jones Dec. ¶¶29 and 30.[1] ALU has not made any code available since

---

[1] All references to "Jones Dec." are to the Declaration of Nigel Jones In Support of Adaptix, Inc.'s Motion to Modify the Court's Scheduling and Discovery Order attached to Adaptix, Inc.'s Motion to Modify the Court's Scheduling and Discovery Order.

March 20th during Adaptix's second scheduled source code review.  This review was ended 6

days early because the majority of ALU source code files were not made available.  Adaptix has

been prejudiced in preparing the necessary reports for this case due to this conduct. This code is

of particular importance given the central role that highly technical, expert analysis will play in

this case.

## II.   <u>Argument</u>

### A.   <u>Adaptix's Motion Should Be Granted Because ALU Has Failed to Comply with P.R. 3-4(a)</u>

At three separate points in their brief, Defendants continuously assert that it is

Adaptix's responsibility to determine what code is missing from ALU's production.  Def. Opp.

at 2, 4, and 6.  This same argument was made and addressed in Defendant Alcatel-Lucent USA,

Inc.'s Opposition to Plaintiff's Motion to Compel Production.  Adaptix reiterates the importance

that experts will play in this litigation.  Adaptix's experts still have not reviewed the relevant

code necessary in order to understand for themselves how the accused products operate.  Without

this information, Adaptix will be severely prejudiced in preparing their expert reports.  The law

is clear that it is not Adaptix's responsibility to identify the code it needs, but rather the burden

of production lies with the Defendant.  By continuously misstating their obligations under P.R.

3-4(a), ALU has unnecessarily forced Adaptix to file the instant motion and bear the burden and

expense of continuous fruitless source code inspections.

The law provides that the infringing party must produce "whatever information is

'sufficient to show the operation' of the accused device."  *NessCap Co., Ltd. v. Maxwell*

*Technologies, Inc.*, 2008 WL 152147 (S.D. Cal. Jan. 16, 2008).  Importantly, "P.R. 3-4(a)

imposes an affirmative obligation on the accused infringer to produce source code and all other

relevant materials reasonably needed for the Plaintiff to understand *for itself* how the technology at issue operates and functions." *Edward D. Ioli Trust.,* 2012 WL5830711, at *4.

Here, since at least February 3, 2014, Adaptix has diligently attempted to inspect ALU's source code.  Adaptix attempted to schedule two inspections spanning the course of two weeks and failed to attain the necessary code.  Instead, those inspections were met with continued friction from ALU.  Simply put, ALU has not produced the code they are required to produce making it impossible for Adaptix to generate the necessary reports according to the deadlines set by this Court.  Given the central role that experts will play in this case and the degree of complexity of the technology at issue, ALU's actions will severely prejudice Adaptix's ability to properly litigate this case.

### B.  <u>Defendants' Assertions of Adaptix's Non-Compliance with P.R. 7(h)</u>

Contrary to Defendants' assertions, Adaptix complied with this Court's meet-and-confer requirements before filing its motion.  As set forth herein, and as Defendants even point out in their own brief, the issues with respect to source code production and the timing of expert reports was the subject of numerous discussions between the parties over the course of several weeks.  This included a personal teleconference between lead and local counsel on March 31 where the parties discussed the impasse over source code production.  Further, the parties later conferred over the instant motion via a personal conference by telephone between local counsel for Adaptix and local counsel for ALU on May 13, in which it was abundantly clear that the parties were at an impasse that required Court resolution, as clearly evidenced by Defendants' response brief.  The meet-and-confer requirements were satisfied.[2]  Any further discussions

---

[2] With respect to Defendants' complaint in footnote 1 of the Unopposed Motion to Expedite Briefing about the meet-and-confer with respect to that motion, counsel for Adaptix had conferred at length with counsel for ALU on an agreeable expedited briefing schedule.  ALU is the common defendant in the three affected cases and the defendant that was the subject of the underlying source code dispute.  In addition, ALU's counsel never suggested that the

would have only served to delay the filing of the motion - and time is of the essence here, which is exactly the point of Adaptix's motion.  Defendants' complaint that the motion should have been delayed pending further meet-and-confer efforts simply reveals Defendants' own strategy to further delay this litigation.

## III.    CONCLUSION

For the reasons stated herein, Adaptix respectfully requests that Adaptix, Inc.'s Motion to Modify the Scheduling and Discovery Order be granted.


Dated:  May 23, 2014                   **ADAPTIX, INC.**


By: */s/ Paul J. Hayes*_____
Paul J. Hayes
Steven E. Lipman
Kevin Gannon
**HAYES MESSINA GILMAN & HAYES, LLC**
200 State Street, 6th Floor
Boston, MA 02109
Tel: (617) 439-4200
Fax: (617) 443-1999
Email:  phayes@hayesmessina.com
Email:  slipman@hayesmessina.com
Email:  kgannon@hayesmessina.com

Craig Tadlock
Texas State Bar No. 00791766
**TADLOCK LAW FIRM PLLC**
2701 Dallas Parkway, Suite 360
Plano, Texas 75093
Phone:  (903) 730-6789
Email:  craig@tadlocklawfirm.com

**ATTORNEYS FOR PLAINTIFF**
**ADAPTIX, INC.**

---

other defendants in its joint defense group might have a contrary view.  As a result, when ALU agreed to the expedited briefing schedule, Adaptix believed in good faith that the matter was resolved. Importantly, ALU is the only Defendant across these cases that possess any source code.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3)(A) on May 23, 2014.


*/s/ Paul J. Hayes*
Paul J. Hayes