IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **ADAPTIX, INC.**<br>　　　　Plaintiff<br><br>v.<br><br>**ALCATEL-LUCENT USA, INC., et al.**<br>　　　　Defendants<br>_____<br><br>**ADAPTIX, INC.**<br>　　　　Plaintiff<br><br>v.<br><br>**ALCATEL-LUCENT USA, INC., et. al.**<br>　　　　Defendants<br>_____<br><br>**ADAPTIX, INC.**<br>　　　　Plaintiff<br><br>v.<br><br>**ALCATEL-LUCENT USA, INC, et. al.**<br>　　　　Defendants<br>_____ | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§ | No. **6:12CV22**<br><br><br><br><br><br><br><br>No. **6:12CV122**<br><br><br><br><br><br><br><br>No. **6:12CV123** |

**ORDER**

The above-referenced cause of action was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. Before the Court are the following motions: (1) Plaintiff's Motion to Compel Source Code (Docket Entry #s 157, 147 & 132); and (2) Adaptix, Inc.'s Motion to Modify the Court's Scheduling and Discovery Order (Docket Entry #s179, 170 & 154). The Court, having reviewed the relevant briefing, is of the opinion the motion to compel and the motion to modify should be **GRANTED AS MODIFIED.**

## MOTION TO COMPEL SOURCE CODE

Plaintiff, Adaptix, Inc. ("Adaptix") moves the Court for an Order compelling Defendant Alcatel-Lucent USA, Inc. ("ALU") to immediately make available for inspection all source code related to the accused products, along with the following equipment necessary to enable an efficient and effective review of the ALU source code:

• A computer containing all of the ALU source code;

• A screen size bigger than 17", preferably as an external monitor to the computer; and

• Certain software "tools" to enable efficient review and analysis of the source code.

Jones Decl., ¶ 11.  In this regard, Adaptix stipulated that for any such software tools that are not freely available, Adaptix would pay for them.  *Id*., ¶ 13.

Adaptix scheduled its first review of ALU's source code to occur over the course of a week. Jones Dec. ¶16.  According to Adaptix, upon arrival, Adaptix's code reviewers immediately noticed the requested tools were not installed and that substantial portions of the code were omitted. *Id.* at ¶17. Adaptix states counsel for ALU was put on notice of these deficiencies at the inspection, and Adaptix's code reviewers still attempted to remedy the situation and continue their inspection. *Id.* at ¶18-20. Considering only a minority of code was made available, the first inspection was ended a day early. *Id*. at ¶ 21.

Adaptix then scheduled a second review just a few weeks later upon the belief that the previously identified deficiencies would be remedied. *Id.* at ¶22. According to Adaptix, upon arrival, Adaptix's code reviewers noticed that relevant software review tools were still not installed, an external monitor was not provided, and while new code was made available much of it was still compressed precluding Adaptix's code reviewers from reading the relevant code. *Id.* at ¶26. Adaptix asserts even when the files were decompressed, the source code subdirectories

were empty, preventing Adaptix's code reviewers from understanding how the nine accused products actually function and operate. *Id*. Adaptix states the second source code inspection was terminated six days early. *Id.* at ¶27. According to Adaptix, these failed inspections prompted the instant motion to compel.

In its response, ALU states it requested from Adaptix an identification of the allegedly missing code so that it could produce it. According to ALU, Adaptix only identified, after the filing of the current motion, a "discrete number of features" in an email dated April 14, 2014. ALU asserts Adaptix should have made this identification before filing its current motion. ALU further asserts the April 14 email is inconsistent with the current motion to compel, which requests production of *all* source code. ALU requests the Court strike Adaptix's motion and award ALU its fees and costs incurred to respond to the motion.

In its reply, Adaptix assets during the 10 days of its attempted review of ALU's source code, the requested software review tools were not installed as requested, the code produced was substantially incomplete, and the conditions under which the review were to take place were less than ideal. Adaptix states ALU improperly asserts it is Adaptix's responsibility to identify what code it needs. Adaptix further represents it is not seeking to review all code of any kind in ALU's possession, just that code which will allow Adaptix to determine, for itself, the functionality and operation of the nine accused products outlined in Adaptix's motion. *See Edward D. Ioli Trust v. Aviglion Corp.*, 2012 WL 5830711, at *4 (E.D. Tex. 2012).

ALU has represented it is willing to continue to produce additional source code files requested by Adaptix (provided the source code files are relevant, reasonably related to Adaptix's contentions, and non-privileged). According to ALU, the Local Rules do not require a production of all source code in ALU's possession, and producing all of ALU's source code

would be unduly burdensome and would unnecessarily expose ALU's highly confidential and trade secret source code. Regarding Adaptix's complaints of the lack of "Beyond Compare" review tool or an additional monitor, ALU states those complaints were made orally to the staff at Quinn Emanuel's office and ALU made clear at that time Adaptix could provide an additional monitor if it chose to do so.

The Court agrees with ALU that requiring it to collect two sets of source code (one requested in the motion to compel and the second requested in the April 14 email) may be duplicative and would be overly burdensome. Although the Court will not require ALU to produce all of its source code, the Court grants as modified Adaptix's motion to compel. Specifically, within fourteen days from the date of entry of this Order, ALU shall make available for review the following as outlined in Adaptix's April 14 email, which Adaptix indicates should result in a "complete and proper source code review":

- All files required to build FPGA A, FPGA B, and FPGA C. This includes any and all HDL, constraints files, project files and core files;
- All files related to the downlink scheduler. The downlink scheduler is the code that assigns resources to UEs in the downlink direction (from the eNB to the UE). This code includes any and all references to:
    - Frequency Selective Scheduling (FSS);
    - Frequency Diverse Scheduling (FDS);
    - Round Robin Scheduling;
    - Proportional Fair Scheduling;
    - Weighted Scheduling;
    - Scheduling Elements;
    - Quality of Service (QoS);
    - QoS Class Identifier (QCI);
    - Guaranteed Bit Rate (GBR);
    - Minimum Bit Rate (MBR); and
    - Preferred Subbands;
- All files related to the uplink scheduler. The uplink scheduler is the code that assigns resources to UEs in the uplink direction (from the UE to the eNB):
    - Frequency Selective Scheduling (FSS);
    - Frequency Diverse Scheduling (FDS);
    - Round Robin Scheduling;
    - Weighted Scheduling;
    - Scheduling Elements;
    - Quality of Service (QoS);

- o QoS Class Identifier (QCI);
- o Guaranteed Bit Rate (GBR);
- o Minimum Bit Rate (MBR);
- o Preferred Subbands; and
- o Priority Measuring;

• All source code related to the measurement of downlink channel parameters. This code includes any and all references to:
- o Channel Quality Indication (CQI);
- o Rank Indicator (RI);
- o Precoding Matrix Indicator (PMI); and
- o Signal to Interference plus Noise Ratio (SINR) and any variants thereof;

• All source code related to the reporting of channel quality. This code includes any and all references to:
- o Reporting Mode 1-0;
- o Reporting Mode 1-1;
- o Reporting Mode 1-2;
- o Reporting Mode 2-0;
- o Reporting Mode 2-1;
- o Reporting Mode 2-2;
- o Reporting Mode 3-0;
- o Reporting Mode 3-1; and
- o Channel State Information (CSI);

• All source code related to the transmission of data to the UE. This code includes any and all references to:
- o Transmission Modes 1,2,3,4,5,6,7,8, or 9;
- o Transmission Scheme;
- o Transmit Diversity;
- o Open Loop Spatial Multiplexing;
- o Closed Loop Spatial Multiplexing;
- o MIMO;
- o Antenna port;
- o Switching of transmission scheme or switching of transmission mode; and
- o Codewords, Layers or Rank

• All source code related to the signaling of downlink control information to the UE. This code includes any and all references to:
- o DCI Formats 0,1,1A, 1B, 1C, 1D, 2, 2A, 2B, 2C, 3, 3A, or 4; and
- o Resource Allocation types 0, 1, or 2;

• All source code related to user, UE, or subscriber states;

• All source related to turbo coding or Parallel Concatenated Convolutional Code (PCCC);

• All source code related to antenna usage. This includes any and all references to:
- o Antenna ports;
- o MIMO;
- o CPRI;
- o Layer mapping;
- o Rank; and
- o Codewords; and

• All source code related to Inter-cell Interference Cancellation (ICIC). This includes any and all references to:
- o X2 Interface;
- o Relative Narrowband Transmit Power (RNTP);

        o Overload Indicator (OI); and
        o High Interference Indicator (HII).

To the extent it has not already done so, ALU shall also install the "Beyond Compare" software program on the source code computer and provide a larger external monitor. Adaptix shall pay for any reasonable costs incurred by ALU in making these tools available.

**MOTION TO MODIFY SCHEDULING AND DISCOVERY ORDER**

Based on the above issues with obtaining ALU's source code, Adaptix also seeks a limited modification of the Court's May 21, 2013 Scheduling and Discovery Order; the June 19, 2013 Amended Scheduling and Discovery Order; and the March 28, 2014 Second Amended Scheduling and Discovery Order to: (1) extend the deadline to designate expert witnesses and reports on issues for which the party bears the burden of proof from June 23 to July 23, 2014; (2) extend the deadline to designate expert witnesses and reports on issues for which the party does not bear the burden of proof from July 21 to August 23, 2014; (3) while maintaining all other deadlines, including the September 9 deadline for dispositive motions (including *Daubert* motions). Adaptix asserts good cause exists for these limited modifications because significant fact discovery remains to be completed before the August 11 expert discovery deadline due, in part, to the difficulties addressed above in obtaining relevant source code and document production from ALU. Assuming ALU complies with its obligations to produce source code and full cooperation among the parties, Adaptix asserts it would still take four weeks, at a minimum, to conduct a sufficient code review, leaving an additional four weeks to prepare a report.

Defendants oppose Adaptix's motion, asserting Adaptix's proposal does not allow sufficient time in the schedule to complete expert discovery and prepare dispositive motions, which will significantly prejudice Defendants. According to Defendants, Adaptix's proposal pushes the deadline for rebuttal expert disclosures after the close of expert discovery, which

would preclude deposing any of the expert witnesses on their opening and rebuttal reports. Defendants further assert Adaptix's proposal leaves only eleven business days after the exchange of rebuttal expert reports for the filing of dispositive motions.  If the schedule is modified as requested by Adaptix, Defendants argue the rest of the schedule would also need to be modified. Specifically, Defendants request the June 21 fact discovery deadline be extended to July 11, 2013; the August 11 expert discovery deadline be extended to September 8; and the September 9 dispositive motion deadline be extended to October 9.  Also included in Defendants' proposal is an extension of the January 13, 2015 pretrial conferences in 6:12cv22 and 6:12cv123 to align with the February 24, 2015 pretrial conference in 6:12cv122.

The Court finds good cause for a limited modification of the Scheduling and Discovery Orders as requested by Plaintiffs.  However, the Court agrees with Defendants that the rest of the schedule must also be modified.  The Court finds Defendants' proposal reasonable, as it extends the expert deadlines and the deadline for dispositive motions and also aligns the pretrial conferences in all three cases to the end of February 2015.  Contemporaneously with this Order, the Court is issuing a Third Amended Scheduling and Discovery Order with the extensions proposed by Defendants, providing individual pretrial conference dates for each above case.  The parties are advised the pretrial conference dates are firm.  Accordingly, it is

**ORDERED** that Plaintiff's Motion to Compel Source Code (Docket Entry #s 157, 147 & 132) is **GRANTED AS MODIFIED** herein.  It is further

**ORDERED** that Adaptix, Inc.'s Motion to Modify the Court's Scheduling and Discovery Order (Docket Entry #s 179, 170 & 154) is **GRANTED AS MODIFIED** herein.
**SIGNED this 30th day of May, 2014.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE