**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| ADAPTIX, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>ALCATEL-LUCENT USA, INC. and<br>AT&T MOBILITY LLC,<br><br>        Defendants. | Civil Action No. 6:12-cv-0022 |
| ADAPTIX, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>ALCATEL-LUCENT USA, INC. and<br>CELLO PARTNERSHIP d/b/a<br>VERIZON WIRELESS,<br><br>        Defendants. | Civil Action No. 6:12-cv-0122 |
| ADAPTIX, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>ALCATEL-LUCENT USA, INC. and<br>SPRINT SPECTRUM L.P.,<br><br>        Defendants. | Civil Action No. 6:12-cv-0123 |

**PLAINTIFF ADAPTIX, INC.'S SUR-REPLY IN OPPOSITION TO**
**DEFENDANT ALCATEL-LUCENT USA, INC.'S FIRST AMENDED MOTION TO**
**ISSUE LETTER OF REQUEST TO SAMSUNG ELECTRONICS CO., LTD.**

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................................... 1

II.     ARGUMENT .................................................................................................................. 2

    A.  ADAPTIX HAS STANDING TO OPPOSE ALU'S DISCOVERY MOTION.......... 2

    B.  ADAPTIX HAS APPLIED THE CORRECT LEGAL STANDARDS ...................... 4

    C.  ALU'S REPLY BRIEF IGNORES SEVERAL CRITICAL CONCERNS RAISED
        BY ADAPTIX ........................................................................................................ 5

III.    CONCLUSION................................................................................................................ 5

# TABLE OF AUTHORITIES

**Cases**

*Brown v. Braddick*,

595 F.2d 961 (5th Cir. 1979) .................................................................................................. 2

*Frazier v. RadioShack Corp.*,

No. 10-855-BAJ-CN, 2012 WL 832285 (M.D. La. Mar. 12, 2012) ......................................... 2

*Green v. Sauder Mouldings, Inc.*,

223 F.R.D. 304 (E.D. Va. 2004) ............................................................................................. 2

*In re Anschuetz & Co., GmbH*,

838 F.2d 1362 (5th Cir. 1988) ................................................................................................ 3

*Keybank Nat'l Ass'n. v. Perkins Rowe Assocs., L.L.C.*,

No. 09-497-JJB-SR, 2011 WL 90108 (M.D. La. Jan. 11, 2011) ............................................. 2

*MedImmune, LLC v. PDL Biopharma, Inc.*,

No. C08-05590 JF (HRL), 2010 WL 2179154 (N.D. Cal. May 27, 2010) ............................... 5

*Seoul Semiconductor Co. Ltd. v. Nichia Corp.*,

590 F. Supp. 2d 832 (E.D. Tex. 2008) ........................................................................ 1, 2, 3, 4

*Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*,

482 U.S. 522 (1987) ..................................................................................................... 3, 4, 5

**Statutes**

35 U.S.C. § 24 ....................................................................................................................... 2

Plaintiff, Adaptix, Inc. ("Adaptix"), respectfully submits this Sur-Reply in Opposition to the First Amended Motion of Defendant, Alcatel-Lucent USA, Inc. ("ALU"), to Issue Letter of Request to Samsung Electronics Co., Ltd. ("Samsung").

## I.      <u>INTRODUCTION</u>

After failing to cite a single supporting legal authority in its Opening Brief, ALU devotes its Reply Brief to misstating and misapplying case law in an attempt to avoid addressing the valid objections raised in Adaptix's opposition brief.  ALU's Reply Brief is premised on the flawed argument that Adaptix lacks standing to oppose ALU's motion to issue a letter of request pursuant to the Hague Evidence Convention because Adaptix would have lacked standing had ALU instead issued a subpoena to Samsung under Federal Rule of Civil Procedure 45.  These two procedures, however, are entirely separate discovery devices.  ALU's conflation of an extrajudicial domestic subpoena with a discovery motion moving the Court to request judicial assistance from the Republic of Korea is misplaced.  In its opposition brief, Adaptix cited to relevant case law from this Court recognizing that a plaintiff such as Adaptix has standing to oppose a Hague Evidence Convention motion requesting third-party discovery. *See Seoul Semiconductor Co. Ltd. v. Nichia Corp.*, 590 F. Supp. 2d 832 (E.D. Tex. 2008).

By largely disregarding Adaptix's Opposition Brief, ALU completely ignores several significant concerns raised by Adaptix.  First, as previously documented, it is likely impossible for ALU to complete its requested discovery of Samsung prior to the close of fact discovery. Whereas Hague Evidence Convention procedures typically take six months to one year to complete, fact discovery in the above-captioned cases closes in *25 days* as of the filing of this brief, on July 11, 2014.  Second, ALU's Proposed Letter of Request (Dkt. No. 174, Ex. A) is woefully deficient in providing the factual background necessary for Korean officials to properly

and effectively conduct ALU's requested discovery.  Therefore, and for the reasons discussed below and in Adaptix's Opposition Brief, ALU has not met its burden of showing why the requested discovery should be granted.

## II.   ARGUMENT

### A.   ADAPTIX HAS STANDING TO OPPOSE ALU'S DISCOVERY MOTION

ALU argues that Adaptix's opposition should be disregarded because Adaptix lacks standing to oppose the present motion.  *See* Reply Brief at 1-3.  This argument is without merit, however, as ALU conflates the standard for opposing a motion to issue a letter of request under the Hague Evidence Convention with the standard for opposing a domestic subpoena.  In fact, the only cases cited by ALU in support of its argument discuss standing to quash subpoenas issued pursuant to 35 U.S.C. § 24[1] or Federal Rule of Civil Procedure 45.  *See Frazier v. RadioShack Corp.*, No. 10-855-BAJ-CN, 2012 WL 832285 (M.D. La. Mar. 12, 2012) (Rule 45 subpoena); *Keybank Nat'l Ass'n. v. Perkins Rowe Assocs., L.L.C.*, No. 09-497-JJB-SR, 2011 WL 90108 (M.D. La. Jan. 11, 2011) (same); *Green v. Sauder Mouldings, Inc.*, 223 F.R.D. 304 (E.D. Va. 2004) (same); *Brown v. Braddick*, 595 F.2d 961 (5th Cir. 1979) (35 U.S.C. § 24 subpoena); *see also* Reply Brief at 2-3 (citing to cases above).

A motion to issue a letter of request under the Hague Evidence Convention – through which a party moves the court to request judicial assistance from a foreign state – is entirely different than a domestic subpoena.  ALU's case law addressing Rule 45 subpoenas is therefore inapplicable.  Here, ALU has filed a discovery motion requesting relief from the Court and Adaptix plainly has standing to oppose such a motion.  *See Nichia Corp.*, 590 F. Supp. 2d 832.

---

[1]  Issued to compel testimony before the United States Patent and Trademark Office.

ALU's arguments to the contrary, which rely wholly on inapplicable case law, should be disregarded.

Next, ALU mischaracterizes a pair of cases that do address motions to issue letters of request pursuant to the Hague Evidence Convention, namely *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522 (1987) and *In re Anschuetz & Co., GmbH*, 838 F.2d 1362 (5th Cir. 1988).  *See* Reply Brief at 3.  ALU asserts that the parties therein had "standing to object" only "because the discovery requests were addressed to them." Reply Brief at 3.  This is simply not correct.  Neither case so much as *mentions* the issue of standing, let alone provides an analysis of same.  The parties in *Nationale Industrielle Aerospatiale* and *In re Anschuetz* just happened to be the entities from which discovery was sought.  In neither case did the Court suggest that either party would have lacked standing to object otherwise.[2]

ALU's arguments above ignore case law from this District.  In *Nichia Corp.*, cited *passim* in Adaptix's Opposition Brief, the defendants sought discovery from a foreign *third-party* pursuant to the Hague Evidence Convention. 590 F. Supp. 2d at 834.  As here, the plaintiff opposed the motion.  *Id.* at 835-36.[3]  The plaintiff's standing to do so was challenged neither by the Court in its order nor defendants in their briefing.  Adaptix's standing to oppose the ALU's

---

[2] In fact, neither the French companies in *Societe Nationale Industrielle Aerospatiale*, nor the German corporation in *In re Anschuetz*, "objected" at all.  Rather, the French and German companies moved for protective orders requesting that the Court apply Hague Evidence Convention procedures (as opposed to the Federal Rules of Civil Procedure).  *Societe Nationale Industrielle Aerospatiale*, 482 U.S. at 525-26; *In re Anschuetz*, 838 F.2d at 1363.

[3] By way of contrast, the defendants in *Nichia Corp.* provided six full pages of factual support and legal argument in support of their motion, compared to ALU's seven sentences.  *See Nichia Corp.*, No. 9:07-cv-273, Dkt. No. 68 (E.D. Tex.).  Even considering this additional analysis, the Court in *Nichia Corp.* denied defendants' motion, under facts very similar to those at issue here.  *Nichia Corp.*, 590 F. Supp. 2d at 837.

motion should be analyzed under *Nichia Corp.* and not case law cited by ALU regarding Rule 45 subpoenas.  As such, and in accordance with *Nichia Corp.*, Adaptix has standing to oppose the present motion.

    B.    <u>ADAPTIX HAS APPLIED THE CORRECT LEGAL STANDARDS</u>

ALU misquotes *Nichia Corp.* in an attempt to evade its burden of persuasion as to the present motion.  *See* Reply Brief at 4.  ALU cites to the section of *Nichia Corp.* which explains (correctly) that the Supreme Court in *Societe Nationale Industrielle Aerospatiale* did not state which party bears the burden in connection with a letter of request pursuant to the Hague Evidence Convention.  ALU, however, omitted the remainder of that paragraph, which clarifies that the burden lies with the requesting party.  In its entirety, the Court in *Nichia Corp.* found:

> Generally, when the discovery sought appears relevant to the case at hand, a party resisting discovery bears the burden of showing that discovery is unwarranted. **However**, when requesting burdensome discovery from a French citizen, **the Supreme Court's policy as articulated in *Societe Nationale Industrielle Aerospatiale* favors placing the burden on the party requesting discovery. The requestor should not only show why the request is relevant, but also why it is not unduly burdensome to a foreign party**.

*Nichia Corp.*, 590 F. Supp. 2d at 834-35 (internal citations omitted) (emphasis added).

Thus, this District's interpretation of *Societe Nationale Industrielle Aerospatiale* squarely places the burden on the requesting party.  ALU's incomplete citation is particularly concerning since Adaptix discussed the full passage in its Opposition Brief.  *See* Opposition Brief at 7.  Per *Nichia Corp.,* ALU bears the burden of persuasion as to the present motion, including a showing of "why the request is relevant, [and] also why it is not unduly burdensome to [the] foreign party [Samsung]."  *Nichia Corp.*, 590 F. Supp. 2d at 835.

Further, on pages 6-15 of its Opposition Brief, Adaptix correctly stated and applied this District's application of the *Societe Nationale Industrielle Aerospatiale* factors.  *Compare Nichia Corp.*, 590 F. Supp. 2d at 834 *with* Opposition Brief at 6-7 ("[i]n deciding whether to issue a

Letter of Request, the Court must consider international comity … In performing this comity analysis, the United States Supreme Court has set forth the following factors to be considered …").  ALU's failure to cite any legal standard in its Opening Brief, and its incorrect challenge of Adaptix's application of the proper standard under *Societe Nationale Industrielle Aerospatiale*, warrants denying the present request.

      C.     ALU'S REPLY BRIEF IGNORES SEVERAL CRITICAL CONCERNS RAISED BY ADAPTIX

Finally, ALU's Reply Brief also ignores several additional significant concerns raised by Adaptix regarding ALU's inadequate justification for seeking extensive discovery from a foreign third party, and also the infeasibility of doing so.  First, ALU has not rebutted Adaptix's argument that ALU's belatedly requested discovery cannot possibly be completed before the close of fact discovery on July 11, 2014.  *See* Opposition Brief at 4-5.  The Hague Evidence Convention procedure involves obtaining a translation of the Letter of Request and ancillary materials, waiting for Korean officials to fully consider the request and respond appropriately, allowing Samsung to review and produce the requested documents (if necessary), and granting Samsung time to prepare a company representative to be deposed (if necessary).  This process typically takes six months to one year.  *See*, *e.g.*, *MedImmune, LLC v. PDL Biopharma, Inc.*, No. C08-05590 JF (HRL), 2010 WL 2179154, at *1 (N.D. Cal. May 27, 2010).  ALU has only 25 days remaining in discovery as of the filing of this brief.  Second, ALU's Proposed Letter of Request (Dkt. No. 174, Ex. A) lacks the proper factual background for Korean officials to effectively conduct the discovery that ALU seeks.  *See* Opposition Brief at 10-11.

## III.    CONCLUSION

For the foregoing reasons, Adaptix respectfully requests that the Court deny ALU's First Amended Motion to Issue Letter of Request to Samsung Electronics Co., Ltd.

Dated: June 16, 2014

/s/  *Paul J. Hayes*
Paul J. Hayes
Kevin Gannon
**HAYES MESSINA GILMAN & HAYES LLC**
200 State Street, 6th Floor
Boston, MA 02109
Tel:  (617) 345-6900
Fax:  (617) 443-1999
Email:  phayes@hayesmessina.com
Email:  kgannon@hayesmessina.com

Craig Tadlock
Texas State Bar No. 00791766
Keith Smiley
Texas State Bar No. 24067869
**TADLOCK LAW FIRM PLLC**
2701 Dallas Parkway, Suite 360
Plano, TX 75093
Tel: (903) 730-6789
Email: craig@tadlocklawfirm.com
Email: keith@tadlocklawfirm.com

**ATTORNEYS FOR PLAINTIFF
ADAPTIX, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with the Local Rule CV-5 on June 16, 2014.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).


/s/ *Brian J. Bosworth*