# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| ADAPTIX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ALCATEL-LUCENT USA, INC. and<br>AT&T MOBILITY LLC,<br><br>Defendants. | Civil Action 6:12-cv-0022 |
| ADAPTIX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ALCATEL-LUCENT USA, INC. and<br>CELLCO             PARTNERSHIP<br>d/b/a VERIZON WIRELESS,<br><br>Defendants. | Civil Action 6:12-cv-0122 |
| ADAPTIX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ALCATEL-LUCENT USA, INC. and<br>SPRINT SPECTRUM L.P.,<br><br>Defendants. | Civil Action 6:12-cv-0123 |

## SUR-REPLY OF DEFENDANT ALCATEL-LUCENT USA, INC. TO ADAPTIX, INC.'S OPPOSED MOTION FOR A PROTECTIVE ORDER TO LIMIT AND CONSOLIDATE DEFENDANTS' DEPOSITIONS OF MATTHEW VELLA

What is clear from the briefing is that Mr. Vella has unique, firsthand, non-repetitive knowledge relevant to the litigation; he was at the center of Acacia's transactions with Samsung and Microsoft regarding the patents at issue.  Adaptix does not dispute this fact.  *See* Adaptix's Initial Br. at 7 and Adaptix's Reply Br. at 3 ("Mr. Vella Possesses Limited 'Unique First Hand Non-Repetitive Knowledge' Relevant To These Patent Infringement Actions.")

The real issue is whether ALU can obtain this information elsewhere and whether it should be required to do so because of Mr. Vella's position within the organization.  While Adaptix argues that its 30(b)(6) witness, Mr. Dodd, is capable of providing all of the information that ALU could ask from Mr. Vella, it nonetheless made Mr. Vella available for deposition before it made Mr. Dodd available.  It is impossible to predict what information ALU can obtain from Mr. Vella—but not from Mr. Dodd—until it deposes Mr. Dodd.

The parties now have agreed to postpone Mr. Vella's deposition until this protective order motion is resolved, so Mr. Dodd now will be deposed first (his deposition is scheduled for June 25-27).  Adaptix could have short-circuited this dispute and obviated the need for motion practice simply by offering Mr. Dodd for deposition first, and then conferring with ALU afterwards to see whether ALU still needed a full day for Mr. Vella's deposition.

Given that ALU will be deposing Mr. Dodd later this week, ALU asks the Court to reserve its ruling on this motion until after Mr. Dodd's deposition.  At that point, ALU will be in a position to know whether or not it will need a full day of deposition from Mr. Vella .  ALU has no interest in spending more time than necessary with Mr. Vella.  But if Mr. Dodd is unable to answer questions regarding the transactions in question because he has insufficient information, then ALU should be entitled to raise these questions with Mr. Vella, who was the primary negotiator.  Conversely, if Mr. Dodd is able to answer ALU's questions regarding the

transactions between Acacia and other third parties for the Adaptix patents, then ALU hopefully will be in a position to reduce the time it needs with Mr. Vella.

## CONCLUSION

ALU opposes Adaptix's motion for a protective order, but asks the Court to hold its ruling in abeyance until after Mr. Dodd's deposition.  If Mr. Dodd is able to provide meaningful answers to ALU's questions, ALU will agree to reduce the length of Mr. Vella's deposition.  If not, ALU will continue to oppose Adaptix's motion and will demonstrate to the Court its effort to obtain the information it seeks without inconveniencing Mr. Vella.

Accordingly, ALU asks the Court to hold its ruling in abeyance until after ALU has had an opportunity to apprise the Court on July 1, 2014, of the outcome of Mr. Dodd's deposition.

DATED:  June 23, 2014                     Respectfully submitted,


By:   */s/ Trey Yarbrough*
      Trey Yarbrough (Bar No. 22133500)
      YARBROUGH WILCOX, PLLC
      100 E. Ferguson Street
      Suite 1015
      Tyler, Texas 75702
      Telephone:  (903) 595-3111
      Fax: (903) 595-0191
      trey@yw-lawfirm.com

      Edward H. Rice (*pro hac vice*)
      Jeffery M. Cross (*pro hac vice*)
      Marina N. Saito (*pro hac vice*)
      Richard T. Kienzler (*pro hac vice*)
      FREEBORN & PETERS LLP
      311 S. Wacker Drive
      Suite 3000
      Chicago, Illinois 60606
      Telephone: (312) 360-6000
      Fax: (312) 360-6520

      ATTORNEYS FOR
      ALCATEL-LUCENT USA INC.

**<u>Certificate of Service</u>**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 23rd day of June, 2014.  All other counsel not deemed to have consented to service in such manner will be served via facsimile transmission and/or first class mail.

*/s/ Trey Yarbrough*
Trey Yarbrough