**IN THE UNITED STATES DISTRICT COURT**
**OF THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **ADAPTIX, INC.** | § | |
| | | |
| **v.** | § | **No. 6:12cv22** |
| | | |
| **ALCATEL-LUCENT USA, INC. , AND** | § | |
| **AT&T MOBILITY LLC** | | |

---

| | | |
|---|---|---|
| **ADAPTIX, INC.** | § | |
| | | |
| **v.** | § | **No. 6:12cv122** |
| | | |
| **ALCATEL-LUCENT USA, INC. AND** | § | |
| **CELLCO PARTERNSHIP d/b/a** | | |
| **VERIZON WIRELESS** | § | |

---

| | | |
|---|---|---|
| **ADAPTIX, INC.** | § | |
| | | |
| **v.** | § | **No. 6:12cv123** |
| | | |
| **ALCATEL-LUCENT USA, INC. AND** | § | |
| **SPRINT SPECTRUM L.P.** | | |

## <u>MEMORANDUM OPINION AND ORDER</u>

The above-entitled and numbered cause of action was referred to the undersigned United

States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. The following

pending motion is before the Court: Defendant Alcatel-Lucent USA, Inc.'s Motion for Leave to File

Its Second Amended Answer (Docket Entry #s 163, 153, 138).  The Court, having reviewed the

relevant briefing, is of the opinion the motion should be **DENIED**.

## I. BACKGROUND

Adaptix, Inc. ("Adaptix") brings suit alleging infringement of United States Patents No. 6,870,808 ("'808 Patent"), 6,904,283 ("'283 Patent"), 7,072,315 ("'315 Patent"), 7,146,172 ("'172 Patent"), and 7,573,851 ("'851 Patent") (collectively, the "Asserted Patents"). In general, the Asserted Patents relate to wireless communications, such as for cellular telephones.

## II. MOTION FOR LEAVE TO AMEND

Alcatel Lucent USA, Inc. ("ALU") moves for leave to amend its answer to add two affirmative defenses for unclean hands and patent misuse.  ALU bases its motion primarily on two documents that memorialize a deal between Adaptix and Samsung Electronics Co., Ltd. of Japan ("Samsung"): a license agreement produced by Adaptix in March 2013 and an amendment to the license agreement, first produced in March 2014.  According to ALU, these documents, but particularly the amendment, reflect that Adaptix misused its patents and acted with unclean hands by selling Samsung certain patent rights that gave Samsung various unfair advantages over its competitors. As outlined by Adaptix, the factual allegations asserted by ALU in support of its proposed affirmative defenses are summarized as follows:

- "Adaptix asserts that its patented technology has been incorporated into the industry standards for 4G LTE – meaning that to comply with certain technical aspects of the 4GLTE standard, companies must use this patented technology."  Mot. at 2.

- "Adaptix maintains that the five patents at issue (the "Asserted Patents") are not subject to fair, reasonable and non-discriminatory ("FRAND") licensing obligations because it claims that it did not participate in setting the LTE standards." *Id.*

- "Acacia collaborated with Samsung in a deal to acquire Adaptix and enforce the Adaptix patent portfolio against Samsung's competitors.: *Id.* at 3.

- "[The deal] required Samsung to cooperate with Adaptix in Adaptix's efforts to enforce the patents." *Id.*

- "[An amendment to the Samsung license] offers Samsung an option to purchase the patent enforcement rights against [several] competitors, and it requires Adaptix to pay Samsung a substantial share of Adaptix's litigation proceeds against these competitors (if Samsung declines its enforcement option)." *Id.*

- "In short, Acacia co-opted Samsung's help in purchasing Adaptix and partnering with Adaptix to enforce its portfolio against Samsung's competitors." *Id.*

- "The problem with this picture is that Samsung is a member of the organization (European Telecommunications Standards Institute or "ETSI") that establishes the industry standards for 4G LTE." *Id.* at 4 [footnote omitted].

- "ETSI makes every effort to ensure that no standard-essential patent owner threatens standards users with an injunction before offering to license the technology on FRAND terms." *Id.*

- "As an ETSI member, Samsung had (and continues to have) obligations to comply with these ETSI rules and policies." *Id.*

- "Samsung sold out ETSI and its fellow members for a share in the hold-up scheme." *Id.*

- "Adaptix, Acacia and Samsung tainted the Asserted patents by exploiting them in this wrongful scheme." *Id.*

- "In doing so, Samsung breached various duties set forth in the ETSI rules including, among other things, its duty to disclose and its duty to cooperate in good faith with ETSI and its members and to help further ETSI's policy objectives." *Id.* at 6.

- "Adaptix and Acacia induced Samsung to breach these obligations to help Acacia fund the Adaptix transaction and also to obtain Samsung's cooperation in enforcing the Adaptix patents." *Id.*

### III. APPLICABLE LAW

The deadline to amend pleadings on issues other than inequitable conduct was April 11, 2013, and the deadline to amend on the issue of inequitable conduct was February 27, 2014.  ALU filed its current motion on April 18, 2014, well after both deadlines.  Federal Rule of Civil Procedure 16(b) provides as follows: "A schedule shall not be modified except upon a showing of good cause

and by leave of the district judge or, when authorized by local rule, by a magistrate judge." The Fifth

Circuit Court of Appeals has stated four factors trial courts must consider when determining whether

good cause exits to allow a deviation from the court's scheduling order: (1) the explanation for the

failure to [amend within the deadline]; (2) the importance of the [modification of the deadline]; (3)

potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure

such prejudice. *Reliance Ins. Co. v. The Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th

Cir.1997); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

## IV. GOOD CAUSE ANALYSIS

### A.     Explanation for failure to timely move to amend

In assessing good cause, the trial court primarily considers the diligence of the party seeking

to alter the existing schedule. *See Deghand v. Wal-Mart Stores, Inc.*, 904 F.Supp. 1218, 1221

(D.Kan.1995). The party's explanation for seeking relief from the schedule must demonstrate that

it could not have met the deadline despite its diligence. According to ALU, in March 2014, Adaptix

produced for the first time an amendment to a license agreement between Adaptix and Samsung.

Although ALU has had the original Adaptix-Samsung license agreement since April 2013, ALU

asserts it was not aware of the key details in Samsung's deal with Adaptix and Acacia until it

received the amendment March 19. Specifically, ALU states the amendment contractually obligates

Adaptix to sue selected competitors and fellow ETSI members, and the amendment also provides

Samsung with a substantial share in Adaptix's proceeds against these companies – in litigation where

Adaptix is disclaiming any FRAND obligation. ALU further states the amendment provides that

Samsung may be joined as a party to any litigation "if necessary to help Adaptix leverage these

purportedly standard-essential patents against selected competitors and ETSI members under hold-up

conditions." Mot. at pg. 9.  According to ALU, the amendment changes the nature of Samsung's

involvement and establishes a more direct and active role in enforcing the Asserted Patents against

Samsung competitors, and Adaptix's recent production of the amendment demonstrates ALU could

not have met the deadline despite its diligence.

ALU seeks leave to basically assert that Samsung agreed to assist Adaptix in enforcing the

Asserted Patents against members of ETSI and that Samsung obtained the right to enforce the patents

themselves.  As urged by Adaptix, the existence of these rights was not identified solely or for the

first time in the amendment. These general rights were identified in the original agreement that ALU

admits receiving last year. The Court finds the original agreement between Adaptix and Samsung

put ALU on notice, as early as April 2013, that Adaptix had granted Samsung the rights to enforce

these patents against everyone except ten specified parties and that Samsung had agreed to cooperate

in the enforcement of patents against all infringers (without limitation) by Adaptix. Given this

knowledge since April 2013, ALU has not demonstrated it could not have met the deadline to amend

despite its diligence.

**B.      Importance of proposed amendments**

In its motion, ALU asserts the new defenses are equitable in nature, and they address directly

Adaptix's infringement claims in this case. According to ALU, if the Court does not grant leave to

raise the asserted defenses, it may be difficult for ALU to obtain meaningful relief from the

inequities caused by the Adaptix misconduct. In response, Adaptix asserts the real dispute with

respect to the factual allegations alleged in ALU's motion is between ALU and Samsung. According

to Adaptix, it has never been a member of ETSI, and to the extent ALU has a problem with

Samsung's violating its purported ETSI obligations, ALU should take up that issue directly with

Samsung.  The importance of allowing the proposed unclean hands and patent misuse defenses into these cases falls short for that needed for amendment.

## C.      Potential Prejudice

ALU states the new defenses will not require any substantial new discovery from Adaptix. Nor will it require Adaptix to produce any documents beyond those that Adaptix was already obligated to produce in these cases.  According to ALU, at most the new defenses would add a few additional deposition topics for the Adaptix 30(b)(6) witness, who has not yet been deposed. However, ALU acknowledges the amendments would require additional expert testimony and some third-party discovery.

As pointed out by Adaptix, the amendments, if allowed, would require the parties to provide additional expert evidence and engage in additional discovery regarding the new equitable issues. In addition, ALU underestimates the overall cost of additional third-party discovery that would be incurred if the amendment is allowed.  Specifically, ALU has requested leave to conduct discovery in Korea via Hague Convention Letter of Request. According to ALU, it seeks foreign discovery from Samsung because Samsung's communications and relationship with Adaptix and Acacia, as well as Samsung's interactions with the ETSI members, are relevant to certain patent infringement claims that Adaptix has asserted against ALU and allegedly "triggered certain Samsung obligations" which gave rise to "specific ALU equitable defenses." (Docket Entry # 174 at pgs. 1-2).  In its reply to its amended motion for issuance of Letter of Request to Samsung, ALU clarifies it is seeking foreign discovery from Samsung related to its proposed unclean hands and patent misuse defenses. (Docket Entry # 197 at pgs. 1-2).  According to Adaptix, it is likely impossible for ALU to complete its requested discovery of Samsung prior to the close of fact discovery, noting Hague Convention

evidence procedures typically take six months to one year to complete. There is potential prejudice to Adaptix by allowing the requested amendment, weighing against allowing ALU's untimely amendment.

**D.      Availability of a Continuance**

ALU states it does not expect its proposed pleading to affect any other scheduled deadlines. However, fact discovery in the above-captioned cases closes on July 11, 2014, and the dispositive motion deadline is October 9, 2014. This factor weighs against allowing amendment outside the Court's deadline.  Based on the foregoing analysis, it is

**ORDERED** that Defendant Alcatel-Lucent USA, Inc.'s Motion for Leave to File Its Second Amended Answer (Docket Entry #s 163, 153, 138) is **DENIED**.

**SIGNED this 2nd day of July, 2014.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE