IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **ADAPTIX, INC.** § § | | |
| v. § | **CASE NO. 6:12-cv-22** | |
| **ALCATEL-LUCENT USA, INC., ET AL.** § § § § | | |

| | | |
|---|---|---|
| **ADAPTIX, INC.** § § | | |
| v. § | **CASE NO. 6:12-cv-122** | |
| **ALCATEL-LUCENT USA, INC., ET AL.** § § § § | | |

| | | |
|---|---|---|
| **ADAPTIX, INC.** § § | | |
| v. § | **CASE NO. 6:12-cv-123** | |
| **ALCATEL-LUCENT USA, INC., ET AL.** § § § § | | |

## ORDER

The above-referenced causes of action were referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. The following motion is before the Court: Plaintiff Adaptix, Inc.'s Opposed Motion for a Protective Order to Limit and Consolidate Defendants' Depositions of Matthew Vella (Docket Entry #s 199, 190 & 174). The Court, having reviewed the relevant briefing, is of the opinion the motion should be **DENIED**.

These are patent infringement cases alleging infringement of five United States patents. Defendant Alcatel-Lucent USA, Inc. ("ALU") has noticed the deposition of Matthew Vella, the President and Chief Executive Officer of the plaintiff's parent company, non-party Acacia Research

Corporation ("Acacia"). Plaintiff Adaptix, Inc. ("Adaptix") moves the Court for a protective order pursuant to Federal Rule of Civil Procedure 26(c) to limit and consolidate the deposition of Mr. Vella into one day of testimony, such that Mr. Vella is deposed only once across nine related cases (6:12cv17, 20, 22, 120, 122, 123, 369 and 6:13cv49, 50) and the one day of deposition shall not exceed three hours in length.

Federal courts have held that "[w]hen a party seeks the deposition of a high-level executive (a so-called 'apex' deposition), the court may exercise its discretion under the federal rules to limit discovery." *Affinity Labs of Tex. v. Apple, Inc.*, No. 09-4436, 2011 WL 1753982, at \*15 (N.D. Cal. May 9, 2011). "In determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Id*. "Absent extraordinary circumstances, it is very unusual for a court to prohibit the taking of a deposition." *Id.*

Adaptix is not refusing to produce Mr. Vella for a Rule 30(b)(1) deposition. Nor does Adaptix claim that Mr. Vella is entirely without firsthand knowledge of relevant facts in this litigation. According to Adaptix, Mr. Vella's knowledge of the facts and circumstances at issue in this litigation is significantly narrower than that of other Adaptix and Acacia employees, particularly Curtis Dodd, Adaptix's Rule 30(b)(6) witness. Adaptix states it has also arranged the depositions of 11 additional witnesses who also possess unique, non-repetitive knowledge of the facts and circumstances related to this litigation, namely on the disputed issues of validity, infringement, and damages. Adaptix further asserts Mr. Vella has previously been deposed in the related cases pending in the Northern District of California, and the magistrate judge there limited the California

defendants to one deposition lasting no more than three hours. Adaptix believes the same limitations are appropriate here.

In response, ALU states Mr. Vella was the "primary negotiator" in the Samsung and Microsoft transactions, key transactions which made possible Acacia's acquisition of Adaptix and the Asserted Patents. According to ALU, Mr. Vella also appears to be the only witness from Adaptix or Acacia with any meaningful knowledge of the Samsung patent license and amendment negotiations, the Microsoft license negotiations, the Microsoft purchase agreement negotiations, the Nokia license negotiations, and the Adaptix "licensing process," among other things. ALU asserts these issues are central to ALU's equitable defenses as well as the damage issues in this case.

In its supplemental response,[1] ALU states it had deposed Mr. Dodd as urged by Adaptix, and Mr. Dodd was unable to provide meaningful information regarding the Samsung license negotiation, the Samsung patent license agreement, or the interconnection between Acacia's deal to purchase Adaptix and the patent license deals it negotiated with Samsung and Microsoft for rights under the Adaptix patents. According to ALU, Mr. Dodd testified Mr. Vella would be the person to ask regarding those issues. ALU asserts limiting Mr. Vella's deposition to three hours is unreasonable, especially considering Adaptix counsel's frequent speaking objections during Mr. Dodd's deposition.

---

[1] Adaptix objects to ALU's supplemental response, asserting ALU did not seek leave of Court before its filing. Even though ALU was not granted leave to file a supplemental response brief, the Court appreciates the additional information. Further considering Adaptix filed a supplemental reply addressing the issues raised in the supplemental response, the Court will consider the supplemental briefing.

ALU has attempted to obtain the sought information through less burdensome means of discovery, including the Rule 30(b)(6) corporate deposition of Mr. Dodd. ALU has shown it did not obtain the necessary information through this other means of discovery. *See, e.g., See Kimberly-Clark Corp. v. Continental Cas. Co.*, No. 3:05-CV-475,2006 U.S. LEXIS 86469 at *5 (N.D. Tex. Nov. 29, 2006) (denying a motion to quash and for a protective order and allowing the deposition of defendant's board chairman and CEO after plaintiffs already conducted a Rule 30(b)(6) deposition and received interrogatory responses which did not provide complete information).

Considering ALU has agreed to share Mr. Vella's deposition with the Ericsson Defendants, who are entitled to their own questions, the Court will not limit Mr. Vella's deposition to three hours.  Adaptix shall make Mr. Vella available for seven hours of deposition at a mutually convenient time and date.  The Court declines to award ALU its costs. Based on the foregoing, it is

**ORDERED** that Plaintiff Adaptix, Inc.'s Opposed Motion for a Protective Order to Limit and Consolidate Defendants' Depositions of Matthew Vella (Docket Entry #s 199, 190 & 174) is **DENIED**.

SIGNED this 14th day of August, 2014.

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE