IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **ADAPTIX, INC.** | § § | |
| v. | § § | **CASE NO. 6:12-cv-22** |
| **ALCATEL-LUCENT USA, INC., ET AL.** | § § § | |

| | | |
|---|---|---|
| **ADAPTIX, INC.** | § § | |
| v. | § § | **CASE NO. 6:12-cv-122** |
| **ALCATEL-LUCENT USA, INC., ET AL.** | § § § | |

| | | |
|---|---|---|
| **ADAPTIX, INC.** | § § | |
| v. | § § | **CASE NO. 6:12-cv-123** |
| **ALCATEL-LUCENT USA, INC., ET AL.** | § § § | |

## ORDER

The above-referenced causes of action were referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. The following motions are before the Court: (1) Emergency Motion of Defendant Alcatel-Lucent USA, Inc. to Compel Documents from Third Party Acacia Research Group, LLC (Docket Entry #s 196, 187 & 171); and (2) Emergency Motion of Defendant Alcatel-Lucent USA, Inc. to Compel Third Party Acacia Research Group, LLC to Produce a 30(b)(6) Witness to Address Certain Topics (Docket Entry #s 198, 189 & 173). The Court, having reviewed the relevant briefing, is of the opinion the motions should be **DENIED**.

These are patent infringement cases alleging infringement of five United States patents. Defendant Alcatel-Lucent USA, Inc. ("ALU") seeks an Order compelling non-party Acacia Research Group, LLC ("Acacia") to produce all non-privileged documents in its possession responsive to 42 document requests and to produce an agreement between Acacia and Nokia Siemens Networks ("Nokia"). According to ALU's reply, Nokia produced the particular agreement to ALU in response to a subpoena, mooting that issue.

Regarding the 42 document requests, Acacia explained its connection to Adaptix as follows, asserting it should not be required to re-analyze more than 60,000 documents in order to essentially reproduce what ALU has already received from Acacia's subsidiary, plaintiff Adaptix, Inc. ("Adaptix").

> [Acacia] acquired Adaptix as a going concern in January 2012. Adaptix, as a fully-functioning company before the acquisition, retained possession of its documents post-acquisition. To the extent [Acacia] generated, or received, documents concerning Adaptix or the patents-in-suit, those have been made available to Adaptix and its counsel. Adaptix has undertaken a review of those documents for purposes of discovery in this action. To date, Adaptix has produced, or is producing, more than one million documents to ALU, which include more than 11,000 of the documents that [Acacia] provided access to. In order to comply with ALU's demands, [Acacia] must familiarize itself with the facts and technical specifications relating to this patent infringement case, and its counsel must analyze the over 60,000 documents it already provided to Adaptix for analysis. Ultimately, ALU will likely receive the same set of documents from [Acacia] that it has already obtained from Adaptix. Again, this endeavor will require substantial attorney time and resources and would not benefit any party.

(Cause No. 6:12cv22, Docket Entry #208 at pg. 7).

In its reply, ALU states Acacia has not verified that Adaptix has in fact produced all of the responsive Acacia documents that ALU has requested. In the surreply, Acacia represents Adaptix has now confirmed that all responsive non-privileged documents have been produced to ALU.

According to Acacia, Adaptix made a further supplemental production on June 26, 2014, and Adaptix's counsel has specifically confirmed in a declaration that all responsive non-privileged documents originating from Acacia that are in Adaptix's possession, custody, or control have been produced to ALU in this litigation. (Ercolini Decl., ¶3). Considering the representations of Acacia and Adaptix, ALU has no need for a duplicate production from Acacia which would impose an unnecessary and costly burden on non-party Acacia. The Court denies ALU's motion to compel documents from Acacia.

ALU also seeks an Order compelling Acacia to produce a Rule 30(b)(6) witness to address four topics (Topic Nos. 7, 15, 24, and 29). According to ALU's reply, most of the issues raised in the motion to compel were mooted by a deposition of Curtis Dodd, who testified in his capacity as corporate representative of Adaptix and Acacia. Regarding the one remaining issue, ALU states Acacia instructed Mr. Dodd not to answer a series of questions related to a patent purchase agreement between Acacia and Nokia.[1]

According to Acacia, ALU has failed to identify how the Nokia patent purchase agreement is relevant. In its reply, ALU merely states that the patent purchase agreement "may be relevant to the damage analysis in this case." (Cause No. 6:12cv22, Docket Entry #223 at pg. 2). The Court is not persuaded the patent purchase agreement is relevant. Therefore, the Court denies ALU's

---

[1] According to ALU's reply, testimony regarding the patent purchase agreement is encompassed by Topic No. 15, which seeks testimony regarding Acacia's policies and practices regarding license negotiations and settlements. In the briefing before the Court, Acacia states the agreement with Nokia is not a license of patent rights to a third party nor does it involve the patents-in-suit. Rather, the purchase agreement involved the acquisition of unrelated patents.

request to order Acacia to produce a witness that will answer questions related to the patent purchase agreement.[2]

Based on the foregoing, it is

**ORDERED** that Emergency Motion of Defendant Alcatel-Lucent USA, Inc. to Compel Documents from Third Party Acacia Research Group, LLC (Docket Entry #s 196, 187 & 171); and (2) Emergency Motion of Defendant Alcatel-Lucent USA, Inc. to Compel Third Party Acacia Research Group, LLC to Produce a 30(b)(6) Witness to Address Certain Topics (Docket Entry #s 198, 189 & 173) are **DENIED**.

**SIGNED this 14th day of August, 2014.**

*/s/ Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

---

[2] Alternatively, ALU seeks an order barring Adaptix and its damage expert from referring to, or in any way relying upon, the Nokia purchase agreement or any related information that Adaptix or its parent company, Acacia, withheld from ALU. ALU's alternative request is unclear about what the term "related information" encompasses. To the extent a specific issue arises, ALU may raise the issue with the Court at that time.