**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **ADAPTIX, INC.** § <br> Plaintiff, § <br> v. § <br> § <br> **ALCATEL-LUCENT USA, INC. and** § <br> **AT&T MOBILITY LLC,** § <br> Defendants. § | | **CIVIL ACTION NO. 6:12-cv-00022** |
| **ADAPTIX, INC.** § <br> Plaintiff, § <br> v. § <br> § <br> **ALCATEL-LUCENT USA, INC. and** § <br> **CELLCO PARTNERSHIP d/b/a/** § <br> **VERIZON WIRELESS,** § <br> Defendants. § | | **CIVIL ACTION NO. 6:12-cv-00122** |
| **ADAPTIX, INC.** § <br> Plaintiff, § <br> v. § <br> § <br> **ALCATEL-LUCENT USA, INC. and** § <br> **SPRINT SPECTRUM, L.P.,** § <br> Defendants. § | | **CIVIL ACTION NO. 6:12-cv-00123** |

**PLAINTIFF ADAPTIX, INC.'S REPLY IN SUPPORT OF ADAPTIX'S
<u>MOTION FOR LEAVE TO SUPPLEMENT INFRINGEMENT CONTENTIONS</u>**

## I. INTRODUCTION

Plaintiff, Adaptix, Inc. ("Adaptix"), hereby submits this Reply in Support of its Motion for Leave to Supplement its Infringement Contentions previously served upon defendants, Alcatel-Lucent USA, Inc. ( "ALU"), AT&T Mobility LLC ("ATT"), Cellco Partnership d/b/a/ Verizon Wireless ("Verizon"), and Sprint Spectrum, L.P ("Sprint") (together "Defendants"). Adaptix's proposed amendment involves complementing its prior infringement contentions in light of: (1) Judge Schneider's Order on Objections and Motion for Reconsideration, and (2) deposition of relevant ALU technical witnesses, and (3) the inspection of ALU source code.

In their Response to Plaintiff's Motion ("Response"), Defendants assert that Adaptix's motion should be denied because: (1) Adaptix was not diligent; (2) Defendants will be prejudiced, and (3) the amendments are not important to Adaptix. As set forth below, Adaptix's motion should be granted.

## II. ARGUMENT

### A. Diligence

Defendants first argue that Adaptix's motion should be denied because Adaptix was not diligent, because certain relevant documents were produced as early as April 2013, and that Judge Schneider's May 1, 2014 Order merely affirmed the Court's prior construction. *See* Response at 4-5.  Prior to the May 1, 2014 Order, however, Adaptix did not know whether or not Judge Schneider would change or modify the original construction.  Although Adaptix should optimally have moved within thirty days of the Order, courts have recognized that the court retains the discretion to allow an amendment where there is no undue prejudice to the defendants. *See, e.g.*, *Apple Inc. v. Samsung Electronics Co. Ltd.*, 2012 WL 5632618, at *5 (N.D. Cal. Nov. 15, 2012) (explaining "even if the movant was arguably not diligent, the court may still grant leave to amend"); *Bd. of Treasurers of the Leland Stanford Junior Univ.*, 2008 WL

624771, at *3 (N.D. Cal. Mar. 4, 2008). This Court fully recognizes that it "has broad discretion to grant otherwise untimely motions to amend the parties' contentions." *Mondis Tech., Ltd. v. LG Electronics, Inc.,* 2011 WL2149925, at *1 (E.D. Tex. May 5, 2011).

This Court has also held that, even if a party has not provided sufficient justification for failing to meet a deadline, it is nonetheless "important for the Court and the parties to deal with all possible infringement claims… in the instant case, rather than requiring additional litigation." *See Commonwealth Scientific and Industrial Research Organisation, v. Mediatek Inc. et al.,* No. 6:12-cv-578, Dkt. No. 328, at p. 4 (E.D. Tex. Aug. 4, 2014) (court allowed amendments for products and a separate IEEE standard not included in PICs despite requiring additional discovery). Rather than require additional litigation to present a single question to a jury based on the same facts, Adaptix proposes to settle its claims now in a single case.

Defendants then cite *Fujitsu Ltd. v. Tellabs Operations, Inc.,* 2012 WL 5444979 (N.D. Ill. Mar. 21, 2012) for the proposition that information derived from source code does not provide good cause to amend infringement contentions. *See* Response at 7. In fact, *Fujitsu* recognizes "the importance of discovery in complex patent cases." 2012 WL 5444979, at *4. The court further stating that "a court's refusal to allow any amendment of infringement contentions to account for new information learned during discovery could be contrary to the spirit of the Federal Rules." *Id*. Here, given the complex nature of this case, Adaptix needed the necessary discovery in order to assert these theories of infringement.

**B.  Importance of the Amendment and Lack of Prejudice**

Defendants next argue that Adaptix's proposed amendments are not important. *See* Response at 9-10. If leave to amend were denied Adaptix would be prohibited from asserting the doctrine of equivalents significantly narrowing the substance and scope of Adaptix's claims

against the Defendants.  Therefore, Adaptix submits that granting leave to amend weighs in its favor.

Next, Defendants argue that they would be prejudiced due to the late stage of these proceedings and that a continuance would not cure their prejudice. *See* Response at 10-11.  First, when considering a motion to amend infringement contentions, it has been recognized that adding the doctrine of equivalents rather than literal infringement "will take minimal, if any, effort… to respond." *Int'l Development LLC v. Richmond*, No. 09-2495, 2011 WL 149859, at *3 (D.N.J. Jan. 18, 2011).  Furthermore, considering pretrial conferences in these cases are not set until February 2015, Defendants are afforded sufficient time in order to prepare a proper response.  Accordingly, Adaptix submits that given the lack of prejudice to Defendants, their motion should be granted.

### III.   CONCLUSION

For the reasons set forth above, Adaptix requests that this motion to amend and supplement its infringement contentions pursuant to Patent Rule 3-6(b) be granted.

| | |
|---|---|
| Dated: September 2, 2014 | /s/ *Paul J. Hayes* |
| | Paul J. Hayes |
| | Steven E. Lipman |
| | **HAYES MESSINA GILMAN & HAYES LLC** |
| | 200 State Street, 6th Floor |
| | Boston, MA 02109 |
| | Tel: (617) 345-6900 |
| | Fax: (617) 443-1999 |
| | Email: phayes@hayesmessina.com |
| | Email: slipman@hayesmessina.com |
| | |
| | Craig Tadlock |
| | Texas State Bar No. 00791766 |
| | Keith Smiley |
| | Texas State Bar No. 24067869 |
| | **TADLOCK LAW FIRM PLLC** |
| | 2701 Dallas Parkway, Suite 360 |
| | Plano, Texas 75093 |
| | Tel: (903) 730-6789 |
| | Email: craig@tadlocklawfirm.com |
| | Email: keith@tadlocklawfirm.com |

**ATTORNEYS FOR ADAPTIX, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on September 2, 2014. As such, this document was served on all counsel who are deemed to have consented to electronic service per Local Rule CV-5(b)(1).

                                        */s/ Thomas Fulford*
                                        Thomas Fulford