**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **ADAPTIX, INC.** | § | |
| | § | **CASE NOS. 6:12-cv-22,** |
| v. | § | **-122, -123** |
| | § | |
| **ALCATEL-LUCENT USA, INC., et al.** | § | **JURY TRIAL DEMANDED** |
| | § | |

_____

| | | |
|---|---|---|
| **ADAPTIX, INC.** | § | |
| | § | **CASE NO. 6:12-cv-369** |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| **T-MOBILE USA, INC.** | § | |

_____

# DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT OF INDEFINITENESS REGARDING THE '172 PATENT

I.     INTRODUCTION

Defendants' motion explains that the terms "coherence cluster" and "diversity cluster," as referred to in the '172 Patent and as construed by the Court, fail to provide reasonable certainty to those of skill in the art regarding whether a given logical unit of subcarriers falls into one of these classifications, versus the other.  Under the Supreme Court's mandate in *Nautilus*, the claims of the '172 Patent are indefinite and, therefore, invalid.

Adaptix's Response proposes altering the Court's construction essentially to adopt the same construction the Court rejected during *Markman* as plainly incorrect, because it violates the doctrine of claim differentiation.  In any event, Adaptix's proposed alternative construction does not solve the indefiniteness problem inherent in these claims.  Defendants cited (in their opening brief (Dkt. 265[1], the "Motion") concrete examples demonstrating why the terms "coherence cluster" and "diversity cluster" fail to provide clarity to one skilled in the art.  *See* Acampora Decl., ¶¶ 15-21; Motion at 8-10.  Adaptix's opposition (Dkt. 287, the "Response") fails to address these examples or explain how a person of ordinary skill in the art could determine whether the example clusters constitute "coherence clusters" or "diversity clusters."  *See, e.g.*, Response at 4, 9; and Wells Decl., Dkt. 287-5 at ¶¶ 11-24.

Given the Supreme Court's recent *Nautilus* decision (issued post-construction in this case), and recent rulings applying *Nautilus*, it is now clear that all of the asserted claims of the '172 patent are indefinite because the terms "coherence cluster" and "diversity cluster" do not allow a person of ordinary skill in the art to determine the claim scope with reasonable certainty.

II.    ARGUMENT

   A.   **Adaptix's Proposed Narrowing Construction of "Coherence Cluster" Is Legally Improper**

---

[1] All references to the docket are references to Case No. 12-cv-22.

The Court construed "coherence cluster" as a "logical unit of multiple physical subcarriers that are relatively *close* together, as compared to the subcarriers of a diversity cluster." Dkt. 141 at 18 (emphasis added); *id*. at 9-19. Adaptix argues that "the term 'close' in the context of coherence clusters is a term defined in the specification of the '172 patent as the spacing of subcarriers so that 'they are likely within the coherent bandwidth of the channel fading.'" Response at 9. This proposed narrowing construction is improper under the law.

As a primary matter, the '172 Patent does not "define" the term "'close' in the context of coherence clusters." *Id*. at 9. Instead, the '172 Patent only offers several non-limiting examples of "close." *See, e.g.*, Dkt. 265-1 ('172 Patent) at 14:31-37 ("The *closeness* of the multiple subcarriers in coherence clusters is *preferably* within the channel coherence bandwidth" and "the *spread* of subcarriers in diversity clusters is *preferably* larger than the channel coherence bandwidth") (emphasis added); *Id*. at 15:3-6 ("Since the subcarriers in a coherence cluster are consecutive or *close (e.g.,* within the coherent bandwidth*)* to each other, they are *likely* within the coherent bandwidth of the channel fading") (emphasis added).

Recognizing this, the Court already correctly held that '172 Patent does *not* limit the "closeness" of "coherence clusters" to being within the "coherence bandwidth" or the spread of "diversity clusters" to being outside the "coherence bandwidth." The Court explained that "referring to the coherence bandwidth" to "evaluat[e] whether a particular cluster constitutes a coherence cluster or a diversity cluster" would be improper because "[s]uch constructions ... would improperly limit the claims to a particular preferred embodiment because the specification

2

uses the word 'preferably' and the phrase 'in one embodiment' when referring to coherence bandwidth." Dkt. 141 at 15-16.[2]

Moreover, the Supreme Court, Federal Circuit, and this Court have all rejected the notion of preserving validity under 35 U.S.C. § 112, ¶2 by narrowing the construction of a claim term to an example embodiment from the specification. *See Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S.Ct. 2120, 2124, 2130 (holding that a claim term merely being "amenable to construction ... does not satisfy the statute's definiteness requirement" and disfavoring "post hoc" efforts to "ascribe some meaning to a patent's claims"); *Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364, 1373 (Fed. Cir. 2014) (rejecting plaintiff's proposal to "adopt a 'narrow example' from the specification" to create definiteness where the specification merely recited examples); and Report and Recommendation of Magistrate Judge Craven, No. 6:13-cv-438, Dkt. 101 at 7-8 (holding that *Nautilus* "abrogated" the Federal Circuit's precedent of applying "narrowing constructions" to preserve validity).

**B.     Even Under Adaptix's Improper Narrowing Construction, the Asserted Claims Would Still Be Indefinite**

Adaptix's newly proposed narrowing construction is also futile because it would not render the terms definite. Adaptix now proposes that the Court define the term "close" so that the construction of "coherence cluster" becomes "logical unit of multiple physical subcarriers that are relatively <u>likely within the coherent bandwidth of the channel fading</u>,[3] as compared to the subcarriers of a diversity cluster." Response at 9. In other words, the proposed construction would not limit "coherence clusters" to clusters within the coherent bandwidth or limit "diversity

---

[2] The Court further held that "claim differentiation between Claims 1 and 7 weighs in favor of finding that a coherence cluster need not necessarily be within a coherent bandwidth." *Id.* at 16.

[3] The underlined portion represents Adaptix's proposed definition of "close."

3

clusters" to clusters spread further than the coherent bandwidth. Under those circumstances, a person skilled in the art still would not be able to classify certain clusters of subcarriers.



For example, in Dr. Acampora's third example, shown above, if we assume that clusters 1, 2, and 3 are all within the coherent bandwidth, it is not possible to identify cluster 3 as either a "coherence cluster" or "diversity cluster" under Adaptix's proposed narrowing construction. Cluster 3 is within the coherent bandwidth and the subcarriers are "relatively close together, as compared to the subcarriers of" cluster 2, so cluster 3 could qualify as a "coherence cluster." At the same time, however, the subcarriers of cluster 3 are "relatively far apart, as compared to the subcarriers" of cluster 1, so cluster 3 could also qualify as a "diversity cluster." Neither the specification nor Adaptix's newly proposed construction precludes a diversity cluster comprised of subcarriers within the coherent bandwidth. Accordingly, even under Adaptix's new construction, a person of ordinary skill in the art cannot be "reasonably certain" whether cluster 3 is a "coherence cluster" or a "diversity cluster," and thus the terms are indefinite.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully ask the Court to grant their motion for summary judgment of invalidity of all of the Asserted Claims because the claims are indefinite.[4]

---

[4] Adaptix asserts that "Defendants fail to address the dependent claims or clarify whether they are taking the position that the Court's construction renders the dependent claims indefinite as well." Response at 15. However, Defendants explicitly stated that "the Court should find the terms 'coherence cluster' and 'diversity cluster' indefinite" and that "[b]ecause those terms are incorporated into the only asserted independent claim (claim 1) and all of the other Asserted Claims depend from claim 1, all of the Asserted Claims should be found invalid for indefiniteness." Motion at 10. None of the asserted dependent claims of the '172 patent confine all "coherence clusters" to the coherent bandwidth or preclude "diversity clusters" from being within the coherent bandwidth. Accordingly, each of the dependent Asserted Claims of the '172 patent are indefinite for the same reasons claim 1 is indefinite.

DATED: November 17, 2014    Respectfully submitted,

By: */s/ Stephen A. Swedlow*
  David A. Nelson
  Stephen A. Swedlow (*pro hac vice*)
  Brianne M. Straka (*pro hac vice*)
  Marc L. Kaplan (*pro hac vice*)
  Lauren Hillemann (*pro hac vice*)
  Quinn Emanuel Urquhart & Sullivan LLP
  500 W. Madison St.
  Suite 2450
  Chicago, IL 60661
  Tel: (312) 705-7400

  Michael E. Jones
  State Bar No. 10929400
  Allen F. Gardner
  State Bar No. 24043679
  **POTTER MINTON, P.C.**
  110 N. College, Suite 500
  Tyler, Texas 75702

  *Attorneys for Defendants Alcatel-Lucent USA, Inc. and AT&T Mobility LLC*

By: */s/ Geoffrey M. Godfrey*
  Mark D. Flanagan
  Robert M. Galvin
  Geoffrey M. Godfrey
  WILMER CUTLER PICKERING HALE
   AND DORR LLP
  950 Page Mill Road
  Palo Alto, CA 94304
  Telephone: (650) 858-6000
  |Fax: (312) 858-6100
  Mark.Flanagan@wilmerhale.com
  Robert.galvin@wilmerhale.com
  Geoff.godfrey@wilmerhale.com

        Michael E. Jones
        Patrick C. Clutter, IV
        **POTTER MINTON, P.C.**
        110 N. College, Suite 500
        Tyler, Texas 75702
        Telephone: (903) 597-8311
        Fax: (903) 593-0846

        *Attorneys for Defendant Cellco Partnership*
        *d/b/a Verizon Wireless*

By:  */s/ Mark W. McGrory*
        Mark W. McGrory   *(pro hac vice)*
        Lawrence A. Rouse   *(pro hac vice)*
        ROUSE HENDRICKS GERMAN MAY PC
        1201 Walnut, 20th Floor
        Kansas City, MO 64106
        Tel: (816) 471-7700
        Fax: (816) 471-2221
        MarkM@rhgm.com
        LarryR@rhgm.com

        Michael E. Jones
        State Bar No. 10929400
        Allen F. Gardner
        State Bar No. 24043679
        **POTTER MINTON, P.C.**
        110 N. College, Suite 500
        Tyler, Texas 75702
        Tele: (903) 597-8311
        Fax: (903) 593-0846
        mikejones@potterminton.com
        allengardner@potterminton.com

        *Attorneys for Defendant Sprint Spectrum L.P*

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 17th day of November, 2014, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                        */s/ Marc L. Kaplan*
                                                        Marc L. Kaplan