**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| ADAPTIX, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 6:12-cv-0122 |
| ALCATEL-LUCENT USA, INC., and CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, | **JURY TRIAL DEMANDED** |
| Defendants. | |

**FIRST AMENDED ANSWER, DEFENSES, AND COUNTERCLAIMS**
**OF CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS**

Pursuant to Rules 8, 12, and 13 of the Federal Rules of Civil Procedure and the Local

Rules of this Court, Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon") hereby

responds to the allegations set forth in the Complaint of Plaintiff ADAPTIX, Inc. ("Adaptix") as

follows:

## PARTIES[1]

1.      Verizon is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 1, and therefore denies them.

2.      No answer is required to the allegations in paragraph 2 as they are entirely

directed to a defendant other than Verizon. To the extent an answer is required, Verizon is

without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraph 2, and therefore denies them.

---

[1]      For convenience and clarity, Verizon's Answer utilizes the same headings as set forth in
Adaptix's Complaint.  In so doing, Verizon does not admit any of the allegations contained in
Adaptix's headings.

3.      Paragraph 3 contains conclusions of law to which no response is required.  To the extent that any response is required, Verizon avers that it is a Delaware general partnership with its principal place of business at 1 Verizon Way, Basking Ridge, New Jersey 07920 and that it does business in Texas and within this District, but denies the remaining allegations of paragraph 3.

## JURISDICTION AND VENUE

4.      Paragraph 4 contains conclusions of law to which no response is required.  To the extent that any response is required, Verizon admits that it does business in Texas and within this District, including the sale of products and services within this District and elsewhere in the United States, but denies the remaining allegations of paragraph 4.

5.      Paragraph 5 contains conclusions of law to which no response is required.  To the extent that any response is required, Verizon admits that it does business in Texas and within this District, including the sale of products and services within this District and elsewhere in the United States, but denies the remaining allegations of paragraph 5. Verizon further avers that venue is more appropriate and convenient in another District.

6.      Paragraph 6 contains conclusions of law to which no response is required.  To the extent that any response is required, Verizon admits that it does business in Texas and within this District, including the sale of products and services within this District and elsewhere in the United States, but denies the remaining allegations of paragraph 6.

## COUNT I
### (Infringement of U.S. Patent No. 7,146,172)

7.      Paragraph 7 contains conclusions of law to which no response is required.  To the extent a response is required, Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and therefore denies them.

8.      No answer is required to the allegations in paragraph 8 as they are entirely directed to a defendant other than Verizon. To the extent that an answer is required, Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and therefore denies them.

9.      Denied.

10.      Verizon denies the allegations of paragraph 10 to the extent that they are directed against Verizon. Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10, and therefore denies them.

11.      Verizon denies the allegations of paragraph 11 to the extent that they are directed against Verizon. Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11, and therefore denies them.

**COUNT II**
**(Infringement of U.S. Patent No. 6,870,808)**

12.      Paragraph 12 contains conclusions of law to which no response is required.  To the extent a response is required, Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, and therefore denies them.

13.      No answer is required to the allegations in paragraph 13 as they are directed to a defendant other than Verizon.  To the extent that an answer is required, Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and therefore denies them.

14.      Denied.

15.      Verizon denies the allegations of paragraph 15 to the extent that they are directed against Verizon.  Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15, and therefore denies them.

16.     Verizon denies the allegations of paragraph 16 to the extent that they are directed against Verizon.  Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16, and therefore denies them.

**COUNT III**
**(Infringement of U.S. Patent No. 7,573,851)**

17.     Paragraph 17 contains conclusions of law to which no response is required.  To the extent a response is required, Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and therefore denies them.

18.     No answer is required to the allegations in paragraph 18 as they are directed to a defendant other than Verizon.  To the extent that an answer is required, Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, and therefore denies them.

19.     Denied.

20.     Verizon denies the allegations of paragraph 20 to the extent that they are directed against Verizon.  Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20, and therefore denies them.

21.     Verizon denies the allegations of paragraph 21 to the extent that they are directed against Verizon.  Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21, and therefore denies them.

**COUNT IV**
**(Infringement of U.S. Patent No. 6,904,283)**

22.     Paragraph 22 contains conclusions of law to which no response is required.  To the extent a response is required, Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22, and therefore denies them.

23.     No answer is required to the allegations in paragraph 23 as they are directed to a defendant other than Verizon.  To the extent that an answer is required, Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, and therefore denies them.

24.     Denied.

25.     Verizon denies the allegations of paragraph 25 to the extent that they are directed against Verizon.  Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25, and therefore denies them.

26.     Verizon denies the allegations of paragraph 26 to the extent that they are directed against Verizon.  Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26, and therefore denies them.

## COUNT V[2]
**(Infringement of U.S. Patent No. 7,072,315)**

27.     Paragraph 27 contains conclusions of law to which no response is required.  To the extent a response is required, Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27, and therefore denies them.

28.     No answer is required to the allegations in paragraph 28 as they are directed to a defendant other than Verizon. To the extent that an answer is required, Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28, and therefore denies them.

29.     Denied.

---

[2] Adaptix's Complaint erroneously refers to Count V as "Count IV."

30.     Verizon denies the allegations of paragraph 30 to the extent that they are directed against Verizon.  Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30, and therefore denies them.

31.     Verizon denies the allegations of paragraph 31 to the extent that they are directed against Verizon.  Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31, and therefore denies them.

## PRAYER FOR RELIEF

Verizon denies that Adaptix is entitled to any of the relief requested.

## DEMAND FOR JURY TRIAL

Verizon denies that Adaptix is entitled to a trial by jury on any of the claims raised in its Complaint.

## VERIZON'S DEFENSES TO ADAPTIX'S COMPLAINT

### FIRST AFFIRMATIVE DEFENSE
**(Non-Infringement)**

Adaptix is not entitled to any relief against Verizon because Verizon has not directly infringed any claim of U.S. Patent Nos. 7,146,172 ("the '172 patent"), 6,870,808 ("the '808 patent"), 7,573,851 ("the '851 patent"), 6,904,283 ("the '283 patent"), or 7,072,315 ("the '315 patent) and has not actively induced infringement, contributed to infringement, or otherwise committed any act giving rise to liability for infringement of the '172 patent, the '808 patent, the '851 patent, the '283 patent, or the '315 patent under 35 U.S.C. § 271.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

One or more claims of the '172 patent, the '808 patent, the '851 patent, the '283 patent,

or the '315 patent are invalid or unenforceable under one or more of 35 U.S.C. §§ 41, 101, 102,

103, 112, and 116.

## THIRD AFFIRMATIVE DEFENSE
### (Laches)

Adaptix's purported claims are barred, in whole or in part, by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

Adaptix's purported claims are barred, in whole or in part, by waiver.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

Adaptix's purported claims are barred, in whole or in part, by the doctrines of estoppel

and/or equitable estoppel.

## SIXTH AFFIRMATIVE DEFENSE
### (Injunctive Relief Unavailable)

Adaptix is not entitled to injunctive relief because any alleged injury to Adaptix is neither

immediate nor irreparable, and Adaptix has an adequate remedy at law.

## SEVENTH AFFIRMATIVE DEFENSE
### (Limitation of Damages)

Adaptix's right to seek damages is limited, including without limitation, by 35 U.S.C.

§§ 286 and 287.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

In the mid to late 1990s, AT&T Wireless Services, Inc. ("AT&T") designed, implemented, and sold a wireless system incorporating orthogonal frequency-division multiple access ("OFDMA") technology, code named "Project Angel."  Project Angel was a fixed wireless system that used both a base station and a remote unit for transmitting data through wireless systems based on OFDMA technology.

During AT&T's development of Project Angel, AT&T created a number of confidential documents, data, and source code related to the project.  AT&T marked the documents, data, and source code as "proprietary" and "confidential" to ensure their protection and prevent their disclosure.  For example, AT&T employees working on Project Angel were required to sign a non-disclosure agreement ("NDA") which precluded employees from disclosing AT&T's confidential information.  AT&T took additional precautions to protect Project Angel during its development, such as covering windows in buildings with metalized film to prevent non-authorized personnel from electronically eavesdropping on AT&T personnel associated with Project Angel.  AT&T also sought and obtained a number of patents related to Project Angel, resource allocation, and OFDMA technology.

James Hite started working at AT&T and on Project Angel in 1995.  Mr. Hite signed an NDA prior to working on Project Angel.  On information and belief, Mr. Hite had access to and was provided confidential information and documents related to Project Angel while employed with AT&T.

In 1998, Palaniappan Meiyappan started working at AT&T and on Project Angel.  Mr. Meiyappan signed an NDA prior to working on Project Angel.  On information and belief, Mr. Meiyappan had access to and was provided confidential information and documents related to Project Angel while employed with AT&T.

In 1996, Liang Hong started working at AT&T and on Project Angel.  Mr. Hong signed an NDA prior to working on Project Angel.  From at least 1998-2000, Mr. Hong's position was

manager of system engineering at AT&T.  Mr. Hong had access to and was provided confidential information and documents related to Project Angel, and other AT&T technologies, while employed at AT&T.  At AT&T, Mr. Hong was instrumental in the definition and implementation of the channel allocation for the AT&T Project Angel system.  He absolutely knew the details of the channel allocation algorithm used in Project Angel.

On June 20, 2000, Mr. Hong and other inventors filed patent applications on technology related to Project Angel on behalf of AT&T, which were later granted as U.S. Patent Nos. 6,801,775 and 6,801,513 and assigned to AT&T.

By April 2000, the founders of Broadstorm had promised its investors that Broadstorm could develop a prototype of a wireless system in just 9 months.  Secretly, however, founder Hui Liu knew that he could not meet that deadline without hiring others with additional skills beyond his.

In April 2000, Dr. Liu and his co-founders hatched a scheme to "lure" key AT&T Project Angel employees to Broadstorm.  Part of this scheme involved a sales "pitch" that offered new employees the chance to "retire early."  To entice key AT&T Project Angel employees, Broadstorm offered them higher salaries than anyone, other than the CEO, was being paid at Broadstorm.

Broadstorm began recruiting Mr. Hite in September 2000 due to Mr. Hite's employment with AT&T and work on Project Angel.  Mr. Hite started working at Broadstorm in October 2000 to assist Broadstorm in developing prototype wireless hardware.  Broadstorm regarded Mr. Hite as an essential and important contributor to meeting Broadstorm's aggressive technology milestones.

Broadstorm began recruiting Mr. Meiyappan in September 2000 due to Mr. Meiyappan's employment with AT&T and work on Project Angel.  Broadstorm believed that Mr. Meiyappan fit "PERFECTLY" with Adaptix's needs.  Broadstorm hoped that Mr. Meiyappan could "jump start" its design process.

Broadstorm knew Mr. Meiyappan had signed an NDA with AT&T and characterized that as a "problem."  Broadstorm recognized that there were "indeed similarities" between AT&T's Project Angel and the technology that Broadstorm wanted to develop.  One solution that Broadstorm co-founder Dr. Hui Liu offered to this "problem," was to give Mr. Meiyappan and offer and pretend we don't know anything.  That was the solution that Broadstorm adopted.  Broadstorm offered Mr. Meiyappan more money than any of the named inventors on the patents in this lawsuit, and more money than any other person at Broadstorm other than its CEO.

Mr. Meiyappan started working at Broadstorm at least as early as October 1, 2000.  Broadstorm co-founder Dr. Hui Liu asked Mr. Meiyappan to provide confidential information from AT&T's Project Angel design work.  Dr. Liu referred to AT&T in this exchange as "you know who," because he knew that Mr. Meiyappan had a non-compete agreement with AT&T and did not want to mention "AT&T" in writing.  Broadstorm believed that Mr. Meiyappan provided valued input to Broadstorm's technology design.  Some of Mr. Meiyappan's employment with Broadstorm occurred while he was still employed with AT&T.  While at Broadstorm, months after leaving AT&T, Mr. Meiyappan filed a patent application related to a method of allocating channels in an OFDMA system that uses the geographic location of the subscriber to determine the channel allocation.

Broadstorm Inc. ("Broadstorm") began recruiting Mr. Hong on or before October 2000 due to Mr. Hong's employment with AT&T and work on Project Angel.  Broadstorm knew Mr. Hong had signed an NDA with AT&T.  By October 24, 2000, Mr. Hong was consulting with Broadstorm regarding their technology design.  By October 29, 2000, Broadstorm had offered Mr. Hong a formal consulting agreement with Broadstorm to assist Broadstorm in wireless access network design and interface development, including the development of software and algorithms for resource allocation.  By November 8, 2000, Broadstorm regarded Mr. Hong as its group leader in network architecture, despite the fact that he was still being paid as a full time employee of AT&T.  Mr. Hong consulted extensively with Broadstorm during November and December of 2000 regarding Broadstorm's technology designs.  While employed with

Broadstorm, Mr. Hong's position was senior vice president of engineering.  Mr. Hong helped design Broadstorm's fixed wireless system including the Airlink interface used to allocate channels in that system.  While at Broadstorm, Mr. Hong provided Broadstorm's management information that he characterized as "dirty laundry" about AT&T's Project Angel that was not known to the public.  Mr. Hong also provided AT&T's source code to Broadstorm's consultant who was designing Broadstorm's fixed wireless product.  Mr. Hong had no authorization from AT&T to provide any information to Broadstorm about Project Angel.

With the hiring of Mr. Hong, Mr. Hite, and Mr. Meiyappan, Broadstorm believed it could know all of the engineering details of AT&T's Project Angel and wireless OFDMA technology.

On information and belief, one or more of Mr. Hong, Mr. Hite, and Mr. Meiyappan provided Broadstorm with confidential information and documents related to AT&T's Project Angel and wireless OFDMA technology.  On information and belief, Broadstorm improperly obtained and used AT&T's confidential information and documents related to Project Angel in developing Broadstorm's wireless products and improperly claimed AT&T's work as Broadstorm property in Broadstorm patent applications.

During this litigation, Plaintiff produced over 50 of AT&T's confidential and proprietary documents related to Project Angel that, on information and belief, were improperly obtained, possessed, and used by Broadstorm to develop its wireless products.  Plaintiff has no answer as to how it obtained those documents, when it obtained those documents, who saw them, or how they were used.  Plaintiff also has failed to preserve and produce metadata associated with AT&T's confidential and proprietary documents relating to Broadstorm's conduct in obtaining and possessing these documents.

Broadstorm had not executed an NDA, or any other similar confidentiality agreement, with AT&T that would allow Broadstorm access to AT&T's confidential information or documents.  Plaintiff is aware of no facts showing that it would be proper for Broadstorm to have possessed the AT&T confidential information.

Plaintiff is the successor-in-interest to Broadstorm, a predecessor company to Plaintiff.

Plaintiff is barred by the doctrine of unclean hands from enforcing the '172 Patent, the '851 Patent, the '283 Patent, the '808 Patent and the '315 Patent against Verizon.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Counterclaim-Plaintiff Verizon, on personal knowledge as to its own acts, and on information and belief as to all others based on its own and its attorneys' investigation, alleges Counterclaims against Adaptix as follows:

### NATURE OF THE ACTION

1.      These Counterclaims arise from Adaptix's baseless allegations of infringement against Verizon.

2.      According to the allegations set forth in the Complaint, Adaptix claims to be the owner of all rights, titles, and interests to the '172 patent, the '808 patent, the '851 patent, the '283 patent, or the '315 patent, including the rights to sue and recover for infringement.

3.      Adaptix has accused Verizon of directly infringing, contributing to the infringement of, or inducing others to infringe the '172 patent, the '808 patent, the '851 patent, the '283 patent, or the '315 patent. Verizon denies that any of its products infringe any valid or enforceable claim of the '172 patent, the '808 patent, the '851 patent, the '283 patent, or the '315 patent.

4.      An actual case and controversy exists between the parties concerning the infringement of one or more claims of the '172 patent, the '808 patent, the '851 patent, the '283 patent, or the '315 patent, and that controversy is ripe for adjudication by this Court.

### JURISDICTION AND VENUE

5.      These are Counterclaims for a declaration of non-infringement and invalidity of one or more claims of the '172 patent, the '808 patent, the '851 patent, the '283 patent, or the

'315 patent.  This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.  This Court also has personal jurisdiction over Adaptix because Adaptix has already submitted to the jurisdiction of this judicial district by initiating the instant lawsuit.

6.       Venue for these Counterclaims is legally proper in this District pursuant to 28 U.S.C. §§ 1367 and 1391, although venue for this case is more appropriate and convenient in another District.

## PARTIES

7.       Counterclaim-Plaintiff Verizon is a general partnership organized and existing under the laws of the State of Delaware, with its principal place of business at 1 Verizon Way, Basking Ridge, New Jersey 07920.

8.       According to the allegations in paragraph 1 of the Complaint, Counterclaim-Defendant Adaptix is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 208 Akard Street, Dallas, Texas 75202.

## COUNTERCLAIM COUNT I
### (Non-Infringement of U.S. Patent No. 7,146,172)

9.       Verizon repeats and re-alleges the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

10.      Verizon is neither infringing, contributorily infringing, actively inducing others to infringe, nor otherwise liable under 35 U.S.C. § 271 for infringement of any claim of the '172 patent as properly construed.

11.      To resolve the legal and factual questions raised by Adaptix and to afford relief from the uncertainty and controversy that Adaptix's accusations have precipitated, Verizon is entitled to declaratory judgment that it has not infringed and is not infringing, directly or

indirectly, any valid, enforceable claim of the '172 patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM COUNT II
### (Invalidity of U.S. Patent No. 7,146,172)

12.     Verizon repeats and re-alleges the allegations contained in paragraphs 1 through 8 as if set forth fully herein.

13.     One or more claims of the '172 patent are invalid or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 41, 101, 102, 103, 112, and 116.

14.     To resolve the legal and factual questions raised by Adaptix and to afford relief from the uncertainty and controversy from which Adaptix's accusations have precipitated, Verizon is entitled to a declaratory judgment that the '172 patent is invalid.

## COUNTERCLAIM COUNT III
### (Non-Infringement of U.S. Patent No. 6,870,808)

15.     Verizon repeats and re-alleges the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

16.     Verizon is neither infringing, contributorily infringing, actively inducing others to infringe, nor otherwise liable under 35 U.S.C. § 271 for infringement of any claim of the '808 patent as properly construed.

17.     To resolve the legal and factual questions raised by Adaptix and to afford relief from the uncertainty and controversy that Adaptix's accusations have precipitated, Verizon is entitled to declaratory judgment that it has not infringed and is not infringing, directly or indirectly, any valid, enforceable claim of the '808 patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM COUNT IV
### (Invalidity of U.S. Patent No. 6,870,808)

18.     Verizon repeats and re-alleges the allegations contained in paragraphs 1 through 8 of as if set forth fully herein.

19.     One or more claims of the '808 patent are invalid or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 41, 101, 102, 103, 112, and 116.

20.     To resolve the legal and factual questions raised by Adaptix and to afford relief from the uncertainty and controversy from which Adaptix's accusations have precipitated, Verizon is entitled to a declaratory judgment that the '808 patent is invalid.

## COUNTERCLAIM COUNT V
### (Non-Infringement of U.S. Patent No. 7,573,851)

21.     Verizon repeats and re-alleges the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

22.     Verizon is neither infringing, contributorily infringing, actively inducing others to infringe, nor otherwise liable under 35 U.S.C. § 271 for infringement of any claim of the '851 patent as properly construed.

23.     To resolve the legal and factual questions raised by Adaptix and to afford relief from the uncertainty and controversy that Adaptix's accusations have precipitated, Verizon is entitled to declaratory judgment that it has not infringed and is not infringing, directly or indirectly, any valid, enforceable claim of the '851 patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM COUNT VI
### (Invalidity of U.S. Patent No. 7,573,851)

24.     Verizon repeats and re-alleges the allegations contained in paragraphs 1 through 8 of as if set forth fully herein.

25.     One or more claims of the '851 patent are invalid or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 41, 101, 102, 103, 112, and 116.

26.     To resolve the legal and factual questions raised by Adaptix and to afford relief from the uncertainty and controversy from which Adaptix's accusations have precipitated, Verizon is entitled to a declaratory judgment that the '851 patent is invalid.

## COUNTERCLAIM COUNT VII
### (Non-Infringement of U.S. Patent No. 6,904,283)

27.     Verizon repeats and re-alleges the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

28.     Verizon is neither infringing, contributorily infringing, actively inducing others to infringe, nor otherwise liable under 35 U.S.C. § 271 for infringement of any claim of the '283 patent as properly construed.

29.     To resolve the legal and factual questions raised by Adaptix and to afford relief from the uncertainty and controversy that Adaptix's accusations have precipitated, Verizon is entitled to declaratory judgment that it has not infringed and is not infringing, directly or indirectly, any valid, enforceable claim of the '283 patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM COUNT VIII
### (Invalidity of U.S. Patent No. 6,904,283)

30.     Verizon repeats and re-alleges the allegations contained in paragraphs 1 through 8 of as if set forth fully herein.

31.     One or more claims of the '283 patent are invalid or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 41, 101, 102, 103, 112, and 116.

32.     To resolve the legal and factual questions raised by Adaptix and to afford relief from the uncertainty and controversy from which Adaptix's accusations have precipitated, Verizon is entitled to a declaratory judgment that the '283 patent is invalid.

## COUNTERCLAIM COUNT IX
### (Non-Infringement of U.S. Patent No. 7,072,315)

33.     Verizon repeats and re-alleges the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

34.     Verizon is neither infringing, contributorily infringing, actively inducing others to infringe, nor otherwise liable under 35 U.S.C. § 271 for infringement of any claim of the '315 patent as properly construed.

35.     To resolve the legal and factual questions raised by Adaptix and to afford relief from the uncertainty and controversy that Adaptix's accusations have precipitated, Verizon is entitled to declaratory judgment that it has not infringed and is not infringing, directly or indirectly, any valid, enforceable claim of the '315 patent, either literally or under the doctrine of equivalents.

## COUNTERCLAIM COUNT X
### (Invalidity of U.S. Patent No. 7,072,315)

36.     Verizon repeats and re-alleges the allegations contained in paragraphs 1 through 8 of as if set forth fully herein.

37.     One or more claims of the '315 patent are invalid or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 41, 101, 102, 103, 112, and 116.

38.     To resolve the legal and factual questions raised by Adaptix and to afford relief from the uncertainty and controversy from which Adaptix's accusations have precipitated, Verizon is entitled to a declaratory judgment that the '315 patent is invalid.

### PRAYER FOR RELIEF

WHEREAS, Verizon requests that this Court enter a judgment in its favor and against Adaptix as follows:

(a)     Dismiss the Complaint in its entirety, with prejudice;

(b)     Enter judgment in favor of Verizon and against Adaptix;

(c)     Declare that the '172 patent has not been infringed by Verizon;

(d)     Declare that the '172 patent is invalid and unenforceable;

(e)     Declare that the '808 patent has not been infringed by Verizon;

(f)     Declare that the '808 patent is invalid and unenforceable;

(g)     Declare that the '851 patent has not been infringed by Verizon;

(h)     Declare that the '851 patent is invalid and unenforceable;

(i)     Declare that the '283 patent has not been infringed by Verizon;

(j)     Declare that the '283 patent is invalid and unenforceable;

(k)     Declare that the '315 patent has not been infringed by Verizon;

(l)      Declare that the '315 patent is invalid and unenforceable;

(m)     Declare that Adaptix is estopped from obtaining any relief from Verizon

on its purported claims;

(n)      Declare that this is an exceptional case under 35 U.S.C. § 285 and award

Verizon its costs (including expert fees), disbursements, and reasonable

attorneys' fees incurred in this action; and

(o)      Grant such further relief to Verizon as is just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Verizon demands a trial by jury on all issues so triable.

Dated: July 21, 2014

Respectfully submitted,

WILMER CUTLER PICKERING
  HALE AND DORR LLP

By:   */s/ Geoffrey M. Godfrey*
Mark D. Flanagan
  mark.flanagan@wilmerhale.com
Robert M. Galvin
  robert.galvin@wilmerhale.com
Geoffrey M. Godfrey
  geoff.godfrey@wilmerhale.com
Cortney C. Hoecherl
  cortney.hoecherl@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:   (650) 858-6100

Michael E. Jones
Patrick C. Clutter, IV
POTTER MINTON, P.C.
110 North College, Suite 500
Tyler, TX 75710
Phone: (903) 597-8311
mikejones@potterminton.com
patrickclutter@potterminton.com

*Attorneys for Defendant and Counterclaim-
Plaintiff Cellco Partnership d/b/a Verizon
Wireless*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 21, 2014.


Dated: July 21, 2014                          _/s/ Geoffrey M. Godfrey_____

                                                        Geoffrey M. Godfrey