# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **ADAPTIX, INC.** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:12-cv-00022** |
| | § | |
| **ALCATEL-LUCENT USA, INC. and** | § | |
| **AT&T MOBILITY LLC,** | § | |
| **Defendants.** | § | |
| | § | |
| **ADAPTIX, INC.** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:12-cv-00122** |
| | § | |
| **ALCATEL-LUCENT USA, INC. and** | § | |
| **CELLCO PARTNERSHIP d/b/a/** | § | |
| **VERIZON WIRELESS,** | § | |
| **Defendants.** | § | |
| | § | |
| **ADAPTIX, INC.** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:12-cv-00123** |
| | § | |
| **ALCATEL-LUCENT USA, INC. and** | § | |
| **SPRINT SPECTRUM, L.P.,** | § | |
| **Defendants.** | § | |

06082009

| | | |
|---|---|---|
| **ADAPTIX, INC.,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO. 6:13-cv-00049** |
| | § | |
| **AT&T MOBILITY LLC, ERICSSON INC.,** | § | |
| **MetroPCS COMMUNICATIONS, INC.,** | § | |
| **and TELEFONAKTIEBOLAGET LM** | § | |
| **ERICSSON,** | § | |
| **Defendants.** | § | |
| | § | |
| **ADAPTIX, INC.,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO. 6:13-cv-00050** |
| | § | |
| **AT&T MOBILITY LLC, ERICSSON INC.,** | § | |
| **MetroPCS COMMUNICATIONS, INC.,** | § | |
| **and TELEFONAKTIEBOLAGET LM** | § | |
| **ERICSSON,** | § | |
| **Defendants.** | § | |
| | § | |
| **ADAPTIX, INC.,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO. 6:12-cv-00369** |
| | § | |
| **T-MOBILE USA, INC.,** | § | |
| **Defendant.** | § | |

## REPLY IN SUPPORT OF PLAINTIFF ADAPTIX, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER 35 U.S.C. 102(f)

06082009

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................................. 1

II.  ARGUMENT ....................................................................................................................... 1

   A.   BURDEN OF PROOF ................................................................................................... 1

   CONVINCING EVIDENCE OF DERIVATION ..................................................................... 2

     1.   The AT&T Documents ................................................................................................ 2

     2.   Defendants' Other "Evidence" .................................................................................... 4

III.  CONCLUSION .................................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**

*Agawam Woolen v. Jordan*,
  74 U.S. (7 Wall.) 583 (1868).....................................................................................5

*AMP Inc. v. Fleischhacker*,
  No. 84-cv-1676, 1986 WL 3598 (N.D. Ill. Mar. 18, 1986).......................................4

*Anascape, Ltd. v. Microsoft Corp.*,
  No. 9:06-cv-158, 2008 WL 7182476  (E.D. Tex. Apr. 25, 2008)..............................2

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ..................................................................................................2

*Eaton Corp. v. Rockwell Intern. Corp.*,
  323 F.3d 1332 (Fed. Cir. (2003)...............................................................................5

*Gambro Lundia AB v. Baxter Healthcare Corp.*,
  110 F.3d 1573 (Fed. Cir. 1997)............................................................................2, 4

*Grantley Pat. Holdings, Ltd. v. Clear Channel Comms., Inc.*,
  540 F. Supp. 2d 724 (E.D. Tex. 2008) ......................................................................2

*Int'l Rectifier Corp. v. IXYS Corp.*,
  361 F.3d 1363 (Fed. Cir. 2004).........................................................................1, 4, 5

*Kaelin v. Globe Comms. Corp.*,
  162 F.3d 1036 (9th Cir. 1998)...................................................................................2

*Nebraska v. Wyoming*,
  507 U.S. 584 (1993) ..................................................................................................1

*Plumley v. Mockett*,
  836 F. Supp. 2d 1053 (C.D. Cal. 2010).....................................................................2

*Zerangue v. TSP Newspapers, Inc.*,
  814 F.2d 1066 (5th Cir. 1987)...................................................................................2

**Statutes**

35 U.S.C. § 102(f)...........................................................................................................1

Plaintiff, ADAPTIX, Inc. ("ADAPTIX"), respectfully submits this reply in support of its motion for partial summary judgment that defendants, Alcatel-Lucent USA, LLC, AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless, Sprint Spectrum, LP, Telefonaktiebolaget LM Ericsson, Ericsson, Inc., T-Mobile USA, Inc. and MetroPCS Communications, Inc. (together "Defendants"), lack clear and convincing evidence to support their claim that the inventors named on the patents-in-suit derived their inventions from AT&T Wireless Services, Inc. ("AT&T"), rendering the Asserted Patents invalid under 35 U.S.C. § 102(f).  For the reasons set forth herein and in its opening brief, ADAPTIX requests that this motion be granted.

## I.   INTRODUCTION

In its opening brief, ADAPTIX: (1) identified the three AT&T documents upon which Defendants' expert relies for their claim of derivation (*see* Dkt. No. 267 at 9-10); and (2) asserted that Defendants could not prove by clear and convincing evidence that any of the three AT&T documents was communicated to any of the inventors prior to their conception of the patented subject matter. *Id. passim.*[1]  In their opposition, Defendants have failed to show that ADAPTIX is wrong.  Defendants have failed to carry their burden of showing by clear and convincing evidence that the Asserted Patents are invalid for derivation under 35 U.S.C. § 102(f). Accordingly, partial summary judgment should be granted.  *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Int'l Rectifier Corp. v. IXYS Corp.*, 361 F.3d 1363, 1376-77 (Fed. Cir. 2004).

## II.   ARGUMENT

### A.   BURDEN OF PROOF

In its opening brief, ADAPTIX argued that to survive summary judgment on its claim of derivation, Defendants must present clear and convincing evidence in support of the defense.

---

[1] Unless otherwise noted, referenced docket numbers are in civil action 6:12-cv-0022.

06082009

1

Dkt. No. 267 at 9-10.  Defendants disagree:

> Adaptix argues that Defendants must prove by clear and convincing evidence that a communication exists, but at this stage, Defendants merely need to show that a genuine issue of material fact exists with respect to the communication.

Defs' Br. at 1-2.  Defendants are incorrect.  At trial, Defendants must prove derivation by clear and convincing evidence.  *See*, *e.g.*, *Gambro Lundia AB v. Baxter Healthcare Corp.*, 110 F.3d 1573, 1576 (Fed. Cir. 1997).  In *Anderson v. Liberty Lobby, Inc.*, the Supreme Court held that, in such instances, "the clear-and-convincing standard or proof should be taken into account in ruling on summary judgment motions."  477 U.S. 242, 255 (1986).[2]

Subsequent cases in the Fifth Circuit, in this District, and elsewhere confirm that this is the rule to be followed when an issue requiring proof by clear and convincing evidence is challenged via a motion for summary judgment.  *See*, *e.g.*, *Zerangue v. TSP Newspapers, Inc.*, 814 F.2d 1066, 1071 (5th Cir. 1987); *Anascape, Ltd. v. Microsoft Corp.*, No. 9:06-cv-158, 2008 WL 7182476, at * 2 (E.D. Tex. Apr. 25, 2008); *Grantley Patent Holdings, Ltd. v. Clear Channel Commc'ns, Inc.*, 540 F. Supp. 2d 724, 728-29 (E.D. Tex. 2008); *see also Kaelin v. Globe Commc'ns Corp.*, 162 F.3d 1036, 1039 (9th Cir. 1998); *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1071 (C.D. Cal. 2010).  Thus, Defendants are not permitted to use summary judgment as a practice round and reserve submitting purported clear and convincing evidence for trial.  Merely attempting to create a factual dispute is insufficient.  As set forth below, Defendants have failed to submit clear and convincing evidence of derivation.

B.      DEFENDANTS HAVE FAILED TO SUBMIT CLEAR AND CONVINCING EVIDENCE OF DERIVATION

1.      The AT&T Documents

As set forth above, Defendants' expert relies upon the three AT&T documents identified

---

[2] In *Anderson*, as here, the party moving for summary judgment alleged that the party bearing the burden of proof by clear and convincing evidence (in that case, actual malice) could not meet its burden.  *Id.* at 245-46.

in ADAPTIX's opening brief as support for their claim of invalidity for derivation.  As a result,

ADAPTIX based the present motion upon the complete lack of evidence that any of these three

documents was communicated to any of the inventors prior to the patent filings.  *See* Dkt. No.

267 at 9-10.  In their fifteen-page opposition brief, Defendants make only a single reference to

these documents.  Defendants argue that "although Liu now *[sic]* testifies that he had not seen at

least portions of the AT&T Project Angel documents, he admitted on cross examination that he

'cannot say for sure whether I have or have not seen the documents.'"  Defs' Br. at 13.

Defendants' cropped quotation mischaracterizes Dr. Liu's testimony.  The full question(s) and

answer(s) were as follows:

> Q.    Okay.  Can you say with certainty under oath under penalty of perjury that
> you've never seen the substance of these documents, forgetting about the
> first page with the warning, but the substance of the documents?  Can you
> testify to that under oath?
>
> [Objection]
>
> A.    For that, I need to see the specific part of the document.
>
> Q.    Is the answer, no, that you can't without looking at the documents?
>
> [Objection]
>
> A.    ***Without knowing the actual documents***, I cannot say for sure whether I
> have or have not seen the documents.

*See* Defs' Ex. 25 at 713:15-7146 (emphasis added).  Put in proper context, Dr. Liu testified that

he did <u>not</u> know the documents.  This cannot constitute contrary evidence, let alone clear and

convincing evidence, that Dr. Liu knew of the content of any of the documents, let alone prior to

the filing of the patent applications.[3]  Thus, summary judgment should be granted with respect to

the AT&T documents because Defendants have not proved by clear and convincing evidence

---

[3] As noted in ADAPTIX's opening brief, none of the other inventors were deposed.  Thus, there is likewise no
testimony from any of them indicating that they had access to any of the AT&T documents prior to the patent filing
dates.

that any of them were communicated to any of the inventors prior to the filing dates of the

Asserted Patents.  Lacking evidence of communication, summary judgment is warranted.  *See*,

*e.g.*, *Gambro Lundia AB*, 110 F.3d at 1578; *Creative Compounds, LLC v. Starmark Labs.*, 651

F.3d 1303, 1313 (Fed. Cir. 2011).

2.   <u>Defendants' Other "Evidence"</u>

Defendants' try to backfill their inability to offer clear and convincing proof regarding

communication of any of the three AT&T documents relied upon by their expert by pointing out

that ADAPTIX hired numerous employees from AT&T who worked on Project Angel.  Defs'

Br. at 4-5.[4]  Defendants laboriously set forth a litany of events relating to their hiring by

ADAPTIX.  *Id.* at 5-9.  Finally, Defendants argue that Dr. Liu solicited and received confidential

information from the AT&T employees relating to Project Angel.  *Id.* 10-11.[5]  None of this

"evidence," even if accepted, amounts to clear and convincing evidence of derivation.

In order to succeed on its derivation claims, Defendants must show by clear and

convincing evidence that each and every element of the claimed inventions was communicated

to the Broadstorm inventors prior to the patent filing dates.  *See Int'l Rectifier*, 361 F.3d at 1376-

77 (no derivation where the device from which invention was allegedly derived "did not have a

polygonal base region"); *see also Gambro Lundia AB*, 110 F.3d at 1577 (derivation requires

"[c]ommunication of a complete conception") (citation omitted).  Moreover, Defendants must

show by clear and convincing evidence that the allegedly communicated disclosure enabled the

claimed subject matter.  *Eaton Corp. v. Rockwell Int'l Corp.*, 323 F.3d 1332, 1344 (Fed. Cir.

---

[4] As other courts have observed, the practice of hiring employees from competitors is a legitimate and routine business practice.  *See, e.g.*, *AMP Inc. v. Fleischhacker*, No. 84-cv-1676, 1986 WL 3598, at *10 (N.D. Ill. Mar. 18, 1986), *aff'd*, 873 F.2d 1199 (7th Cir. 1987) ("[c]lose competitors are always a source of employees in every industry and the hiring of a competitor's executives is not an unusual practice in any industry").

[5] As also noted in *AMP v. Fleischhacker*, such purportedly confidential information "frequently comes into the hands of competitors in industry though a myriad of sources." 1986 WL 3598, at *10.

(2003); *Gambro Lundia AB*, 110 F.3d at 1577 (citing *Agawam Woolen v. Jordan*, 74 U.S. (7 Wall.) 583, 602-03 (1868)).  Such evidence should be given by one of ordinary skill in the art. *Int'l Rectifier*, 361 F.3d at 1376; *Gambro Lundia AB*, 110 F.3d at 1577.

None of the other purported evidence submitted by Defendants constitutes a description of where each element of each of the asserted claims was communicated to the Broadstorm inventors.  None of the other purported evidence even attempts to describe, from the point of view of one of ordinary skill, how what was allegedly communicated to the Broadstorm inventors enabled the claimed inventions.  None of the other purported evidence shows that the AT&T documents were allegedly communicated to any of the inventors prior to the filing dates of the patents.  Thus, the other purported evidence, whether considered with or without the AT&T documents, does not prove, let alone by clear and convincing evidence, that the Broadstorm inventors derived the patented inventions from AT&T.  As a result, summary judgment of no derivation is warranted. *Int'l Rectifier*, 361 F.3d at 1376-77.

III.   <u>CONCLUSION</u>

For the reason set forth above, ADAPTIX requests that this motion for partial summary judgment of no derivation be granted.

Dated: December 15, 2014                    Respectfully submitted,


                                           By: */s/ Paul J. Hayes*
                                           Paul J. Hayes
                                           Kevin Gannon
                                           James J. Foster
                                           **HAYES MESSINA GILMAN & HAYES LLC**
                                           200 State Street, 6th Floor
                                           Boston, MA 02109
                                           Telephone: (617) 345-6900
                                           Facsimile: (617) 443-1999
                                           Email: phayes@hayesmessina.com
                                           Email: kgannon@hayesmessina.com
                                           Email: jfoster@hayesmessina.com


                                           Craig Tadlock
                                           Texas State Bar No. 00791766
                                           TADLOCK LAW FIRM PLLC
                                           2701 Dallas Parkway, Suite 360
                                           Plano, Texas 75093
                                           Phone:  (903) 730-6789
                                           Email:  craig@tadlocklawfirm.com
                                           **ATTORNEYS FOR PLAINTIFF
                                           ADAPTIX, INC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on December 15, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.


                                           /s/ Kevin Gannon