IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **ADAPTIX, INC.** | § | |
| v. | § | No. 6:12cv22 |
| **ALCATEL-LUCENT USA, INC. , AND AT&T MOBILITY LLC** | § | |

| | | |
|---|---|---|
| **ADAPTIX, INC.** | § | |
| v. | § | No. 6:12cv122 |
| **ALCATEL-LUCENT USA, INC. AND CELLCO PARTERNSHIP d/b/a VERIZON WIRELESS** | § § | |

| | | |
|---|---|---|
| **ADAPTIX, INC.** | § | |
| v. | § | No. 6:12cv123 |
| **ALCATEL-LUCENT USA, INC. AND SPRINT SPECTRUM L.P.** | § | |

## AMENDED TRIAL PREPARATION ORDER WITH PRETRIAL DEADLINES

The Court currently has scheduled a pretrial conference July 22-23, 2015 in the above-referenced cases. At this time, the parties have not been assigned a date for jury selection and trial. This Amended Trial Preparation Order[1] contains pretrial filing deadlines, moves the pretrial conference to July 9-10, 2015, and provides the parties a trial setting the week of July 20, 2015. The following amended requirements control disposition of these actions pending further

---

[1] The amendment corrects the pretrial conference date on page 2 of the Order.

order of the Court:

## I. SUMMARY OF CRITICAL DATES

| PRETRIAL EVENTS | DEADLINES |
| --- | --- |
| Deadline for parties to exchange pretrial disclosures | May 28, 2015 |
| Deadline to notify Court of daily transcript or realtime request | May 28, 2015 |
| Deadline for parties to exchange objections to pretrial disclosures | June 11, 2015 |
| Deadline for parties to meet and confer on resolving objections | June 18, 2015 |
| Deadline to file pretrial materials | June 25, 2015 |
| Deadline for parties to exchange exhibits | July 6, 2015 |
| Pretrial conference in Texarkana, Texas | July 9-10, 2015 at 10:00 a.m. |
| Jury selection in Tyler, Texas | July 20, 2015 |

## II. DETAILED INSTRUCTIONS

**Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure, the local rules of this Court, and other orders previously entered in this case—including previously entered scheduling orders— must be observed.**

1. **Pretrial Disclosures and Objections:** Unless otherwise directed by order, the parties must serve the disclosures required by Rule 26(a)(3)(A) by the pretrial disclosure deadline listed above. (The parties need not file this information with the Court until the deadline to file pretrial materials.) With respect to the identification of witnesses who will be called by deposition, the parties must also identify the portions of the deposition transcript

that they intend to use.

Within **14 days thereafter,** a party must serve a list disclosing any objections, together with the grounds therefor, to: (i) the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); (ii) the admissibility of materials identified under Rule 26(a)(3)(A)(iii); and (iii) the use of any witnesses (except for expert objections) identified under Rule 26(a)(3)(A)(i),[2] if any. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless excused by the Court for good cause.

2. **Notice of Request for Daily Transcript or Real Time Reporting:** If either daily transcript or realtime reporting of the court proceedings is requested for trial, the party or parties making the request must file a notice with the Court and e-mail the court reporter, Brenda Butler, at Brenda_Butler@txed.uscourts.gov. In no event should this date be less than sixty days before the pretrial conference.

3. **Meet and Confer Requirement:** The parties are expected to cooperate in the exchange of information to ensure that objections may be timely filed. The parties also must adhere to the meet and confer requirement set forth in Local Rule CV-7(h) **before filing their objections to pretrial materials**. This will help to narrow issues that are *actually* in dispute. The Court will exclude any exhibit offered at trial unless the parties timely comply with this section.

4. **Pretrial Materials:** All pretrial materials must be filed by the date listed above.

---

[2] Requiring parties to file objections to witnesses disclosed under Rule 26(a)(3)(A) is a modification of the requirements of Rule 26(a)(3)(B), which only requires that the parties file objections to deposition designations and exhibits.

Specifically, by this date the parties must file the following:

    a.    **Pretrial Order:** A joint proposed pretrial order must be submitted by Plaintiff's attorney. *See* Local Rule App. D. If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney must submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the Court can impose sanctions, if appropriate). Each party may present its version of any disputed matter in the joint pretrial order; therefore, failure to agree upon content or language is **not an excuse for submitting separate pretrial orders**. When the joint pretrial order is approved by the Court, it will control all subsequent proceedings in this case.

    b.    **Witness List:** A list of witnesses, in alphabetical order, must be filed by each party (a sample form is available on the Court's website, www.txed.uscourts.gov). The list must divide the persons listed into groups of **"will call," "may call," and "may, but probably not call"** and must provide:

        **(i)**    the **names and addresses** of each witness;

        **(ii)**    a **brief narrative summary** of the testimony;

        **(iii)**    whether the witness has been **deposed**; and

        **(iv)**    the **expected duration** of direct and cross-examination of the witness.

    c.    **Exhibit List and Deposition Testimony Designation:** A list of exhibits (including demonstrative exhibits) and a designation of portions of depositions that a party in good faith intends to offer at trial must be filed by each party. Regarding the exhibits, the parties must adhere to the following requirements:

    **(i)**    Describe with specificity the documents or things in numbered sequence.

    **(ii)**    Exhibits must be numbered numerically and in succession, and must be marked with the case number. They must be marked **before trial** with official exhibit stickers. If there are multiple parties, exhibit numbers must be followed by the party's last name, i.e., "PX1-Jones" or "DX1-Miller."

WHENEVER A MULTI-PAGE-EXHIBIT IS USED, EACH PAGE OF AN EXHIBIT MUST BE SEPARATELY NUMBERED. FOR EXAMPLE, IF PLAINTIFF'S EXHIBIT 1 IS A THREE-PAGE DOCUMENT, THE FIRST PAGE SHOULD BE MARKED AS "PX1-1," THE SECOND PAGE MARKED AS "PX1-2," AND THE THIRD PAGE MARKED AS "PX1-3."

    **(iii)**    Each party must also file written objections to the opposing party's exhibits and deposition designations or a notice of no objections. Objections must be filed with the proposed pretrial order and should identify the contested exhibit by number and **explain in detail** the legal basis for the objection. The parties should organize their objections into discrete categories. Responses to objections are due within two business days of the filing of the objections.

    d.    **Jury Instructions in Jury and Non-Jury Trials:** Proposed jury instructions and verdict forms must be filed jointly. If the parties disagree on the proposed instruction, Plaintiffs should italicize their proposed language, and Defendants should underline their proposed language. The basis for and legal authority supporting each party's proposed language should be set forth in footnotes. The Court may seat an advisory jury in a non-jury case. Thus,

        the parties are required to file proposed jury instructions even if the parties have not demanded a jury.

    e.    **Proposed Findings of Fact and Conclusions of Law:** In a case involving factual issues to be resolved by the Court, proposed findings of fact and conclusions of law must be filed by each party. Counsel should draft proposed findings in neutral language, avoiding argument, and identifying the evidence expected to establish each finding. Counsel should set forth the proposed findings of fact and conclusions of law in separate sections composed of concise and separately numbered paragraphs. The Court may seat an advisory jury in a non-jury case. Thus, the parties must also file proposed jury instructions even if the parties have not demanded a jury trial.

    f.    **Limited Number of Motions in Limine:** Motions in limine should not be filed as a matter of course. Parties may file motions in limine on no more than **TEN discrete topics** (no subparts) that are actually in dispute. (Good faith compliance with the conference requirements of Local Rule CV-7(h) will help to narrow issues that are *actually* in dispute). The Court will strike all motions in limine that contain boilerplate requests, that exceed ten topics, or that cover undisputed issues. The moving party must promptly notify the Court in the event the parties resolve any of the motions in limine. Responses to motions in limine are due within two business days of the filing of the motion.

    g.    **Voir Dire:** The parties must file any proposed voir dire questions which the Court is requested to ask during its examination of the jury panel.

    h.    **Trial Briefs:** Trial briefs may be filed by each party. In the absence of a specific order of the Court, trial briefs are not required, but are welcomed. The briefing should utilize Fifth Circuit, Federal Circuit, and Supreme Court authority or relevant state

        authority to address the issues the parties anticipate will arise at trial.

5. <u>**Exchange of Exhibits:**</u> No later than **three business days before the pretrial conference,** counsel for each party intending to offer exhibits must **exchange a complete set** of marked exhibits (including demonstrative exhibits) with opposing counsel.

6. <u>**Pretrial Conference:**</u> A pretrial conference in the case is set on the date and at the location indicated above. Lead counsel for each party must attend, or, if the party is proceeding pro se, the party must attend. Fed. R. Civ. P. 16 (c),(d). Lead counsel and pro se parties must have the authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expense of trial. *Id.* All pretrial motions not previously decided will be addressed at that time, and procedures for trial will be discussed.

      **At the final pretrial conference, the parties must submit to the Court one copy of marked exhibits.**

7. <u>**Modification of This Order:**</u> This order will control the disposition of events listed above unless it is modified by the Court upon a showing of **good cause** and by **leave of court.** Fed. R. Civ. P. 16(b). Any request that the trial date of this case be modified must be made **in writing** to the Court **before** the deadline for completion of discovery. Neither pending motions nor the failure to complete discovery establish good cause for a continuance.

8. <u>**Sanctions:**</u> Should any party or counsel fail to cooperate in doing anything required by this order, such party or counsel or both may be subject to sanctions. If the *Plaintiff* does

not timely file the required pretrial material, the case will be dismissed. If the *Defendant/third party* does not timely file the required (or other) pretrial material, a default will be entered or the Defendant/third party will not be permitted to present witnesses or exhibits at trial. Fines or other sanctions, if appropriate, may also be imposed under Rule 16(f). **Failure to list a witness, exhibit, or deposition excerpt as required by this order** will be grounds for exclusion of that evidence. This does not apply to testimony, exhibits, or deposition excerpts offered for impeachment; further, the use of unlisted witnesses, exhibits, or deposition excerpts for rebuttal will be permitted if the attorneys could not have reasonably anticipated their need for that evidence.

**It is SO ORDERED.**

**SIGNED this 13th day of May, 2015.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE